## E. W. BROWN v. JNO. K. GUICE et ux.

1. DEED VOID FOR UNCERTAINTY — CASE AT BAR — A deed which describes the land conveyed as "a part of section 18 in township 7 of range 2, east, containing one hundred and eighty acres," is void for uncertainty.

2. AMBIGUITAS LATENS — A latent ambiguity is where the writing appears on its face to be certain and free from ambiguity, but the ambiguity is introduced by evidence of something extrinsic, or by some collateral matter out of the instrument.

3. AMBIGUITAS PATENS — A patent ambiguity is one apparent on the face of the instrument itself. The former may be removed by means of parol evidence, but such evidence is not admissible to explain the latter. Patent ambiguities are to be dealt with by the court alone; but where the meaning of an instrument becomes uncertain by reason of extrinsic evidence, it is for the jury to determine it.

APPEAL from the chancery court of Franklin county. ELLIS, Chancellor.

The facts of this case are fully stated in the opinion of the court.

*H. Cassidy, Jr.*, for appellant.

·1. The first assignment of error is well taken and sustained by abundant authority. Story's Eq. Pl. 841, § 874; 1 Hoff. Ch. Pr. 234; Fulton Bank v. Beach, 6 Wend. 42.

2. The second assignment of error is well taken. The bill seeks a confirmation of title to the undivided half interest of Mary A. Guice; and the minority of the holder of the other undivided moiety, whose interest is not affected by the proceedings, is utterly immaterial to the defendants. Besides, minority is a personal privilege that can be set up as a defense only by the minor. In no event could the minority of Miss Carney affect the right of complainant to have his title confirmed. If the interest of the defendant, Mary A. Guice, and Adaline Carney were joint, then if one be barred of redemption, both would be barred. If it be joint and several, then the defendant, Mary A. Guice, would be barred and the minor not. Root v. McFerrin, 37 Miss. 17.

3. The exceptions to the answer should have been sustained, because it sets up no defense to the bill. The only defense permissible under the law being for "fraud or mistake in the assessment or sale of the same, or upon the proof that the taxes for which the same had been sold had been paid prior to such sale." See Acts of 1859, 1860, p. 216, § 17. The defense set up as to the military tax for which the land was sold is of no avail, as neither the United States nor any of its loyal citizens are interested in the controversy. This being an executed contract between citizens of the same state and subject to the same laws, the sale is no more invalid on this account than would be a sale of lands by the sheriff under execution, emanating from a judgment of a Confederate court, and such a sale has never been held invalid.

4. The court should have confirmed the tax title instead of dismissing the bill. The description of the land in the deeds is sufficiently certain. "That is certain which may be rendered certain" is a maxim well established and repeatedly recognized by our supreme court and applicable in this case. Nixon et al. v. Porter et al., 34 Miss. 707; Hazlip v. Noland, 6 Smedes & Marsh. 301, 302; Harmon v. James et ux., 7 ib. 118.

*J. F. Sessions,* for appellees.

1st. Answer of defendants was sworn to by agent, as the record will show. 2d. Deed is not sufficiently certain in description of land. "A part of section 18, in township 7, range 2, east, containing one hundred and eighty acres," and nothing in the deed from which the boundary or identity of the land sold can be ascertained. See cases referred to by appellant, 34 Miss. 707, etc. 3d. A portion of the tax for which the land was sold, $1 35, was for military purposes, in 1863, to aid the state government in waging war against the United States, levied by virtue of a pretended law, which not being ratified by the constitutional convention, under the decision of Thomas v. Taylor, 42 Miss., is void. The

tax of fifteen cents for advertising was not warranted, as there was no publication in any newspaper, and none in the county.  4th.  Land was not sold as the law directs, the smallest legal subdivision not being first offered.  12 Smedes & Marsh. 498 ; 10 ib. 264 ; 8 ib. 210 ; 4 Wheat. 79 ; 23 Miss. 122

PEYTON, C. J. :

The tax collector of Franklin county, in the year 1864, sold "a part of section 18, in township 7, of range 2, east," containing one hundred and eighty acres, for the taxes due on said land for the year 1863.  The land was assessed to the heirs of Mary A. Carney, deceased, and was purchased by Elijah W. Brown, at said tax sale.  The said Brown in 1870 filed his complaint in the chancery court of said county of Franklin, against John K. Guice and Mary A. Guice, to perfect his title to said land.

The said defendants answer the bill, denying a knowledge of the material allegations of the bill and call for strict proof thereof, and make their answer a cross-bill, praying that the tax deed be decreed to be delivered up and canceled. And upon a final hearing of the cause upon bill, answer, cross-bill, exhibits and proof, the court dismissed the bill. at mutual cost without prejudice to the rights of either of the parties in an action at law.  Hence the case comes to this court by appeal.

We are met *in limine* in the investigation of this case by the inquiry, whether the tax deed to the appellant is not void for uncertainty.

There is evidently an ambiguity in the description of the land in the deed of conveyance from the tax collector to the appellant.  But is it such an ambiguity as may be helped by extrinsic evidence ?  The books inform us that there are two kinds of ambiguity in written instruments. The one is called *ambiguitas latens* (a latent ambiguity), where the writing appears on the face of it, certain and free from ambiguity, but the ambiguity is introduced by evi-

dence of something extrinsic, or by some collateral matter
out of the instrument.    The other species is called *ambig-
uitas patens* (patent ambiguity), which is an ambiguity
apparent on the face of the instrument itself.

"*Ambiguitas patens*," says Lord Bacon, "cannot be
helped by averment, for the reason that the law will not
couple and mingle matter of specialty, which is of the
higher account, with matter of averment, which is of the
lower account, in law, for that were to make all deeds hol-
low, and subject to averment, and so, in effect, to make that
pass without deed which the law appoints shall not pass
but by deed, and this rule applies not only to deeds, but to
written contracts in general." Broom's Legal Maxims, 584.

The general rule of law upon this subject is, that a latent
ambiguity may be removed by means of parol evidence,
but that such evidence is inadmissible to explain an ambig-
uity apparent on the face of the instrument.    Patent
ambiguities are to be dealt with by the court alone.    But
where the meaning of an instrument becomes uncertain, by
reason of extrinsic evidence, it is for the jury to determine
it.    By patent ambiguity must be understood an inherent
ambiguity, which cannot be removed, either *by the* ordinary
rules of legal construction, or by the application of extrin-
sic and explanatory evidence, showing that expressions
*prima facie* unintelligible are yet capable of conveying a
certain and definite meaning.    Where the law for reasons
of policy requires written evidence, to admit oral testimony
in its place, would be to subvert the rule itself.    The same
observation applies where the law prescribes a certain form
of written evidence.    To allow a defect in the instrument to
be supplied by oral evidence would be *pro tanto* to dis-
pense with the law.    Hence, in general, where the law
requires a formal, written document, if the document offered
in evidence be defective, so that 'it cannot operate without
collateral aid, the defect cannot be supplied by oral testi-
mony. .As oral evidence is inadmissible for the purpose of
supplying an omission in an instrument where written evi-

dence is required by law, so it is inadmissible to give any effect to a written instrument which is void in law for inconsistency, repugnancy or ambiguity in its terms, for if a meaning could be assigned by the aid of extrinsic evidence, to that which was apparently destitute of meaning, or if the same instrument could be made to operate in different ways according to the weight of oral evidence, it is plain that the effect would depend, not upon the instrument, but upon the force of the oral evidence, and thus the latter would virtually be substituted for the former.

Hence it will be seen that, according to these principles, parol evidence is never admissible to explain an ambiguity which is not raised by extrinsic facts.  Thus, upon a devise to one of the sons of J. S., who has several sons, evidence is not admissible to show that one in particular was meant, and the devise is void for uncertainty.  Starkie on Ev. 654.

In the case under consideration, the counsel for the appellant has invoked the maxim *id certum est quod certum reddi potest.*  This cannot avail him, for the reason that there is nothing in the deed, or referred to therein, by which it can be rendered certain.  In the case of a deed, the office of the premises is two-fold; first, rightly to name the grantor and the grantee; and, secondly, to comprehend the certainty of the lands or tenements to be conveyed by the deed, and this may be done either by express words or by words which may by reference be reduced to a certainty, according to the principle above invoked.  So a grant shall be void if it be totally uncertain; but, if the grant refers to another thing, which is certain, it is sufficient.

Another illustration of this principle may be found in the case of an agreement in writing for the sale of a house, which did not by description ascertain the particular house, but it referred to the deeds as being in the possession of A B named in the agreement.  The court held the agreement sufficiently certain, inasmuch as it appeared upon the face of the agreement that the house referred to was the house

of which the deeds were in the possession of A B, and, consequently, the house might easily be ascertained by examination of the deeds, and *id certum est quod certum reddi potest.* Owen v. Thomas, 3 Myl. & K. 353 ; Broom's Legal Maxims, 601.

The ambiguity in the case at bar is a patent ambiguity which, as we have endeavored to show, cannot be aided or explained by parol evidence. Starkie on Ev. 655, and 1 Greenl. Ev. 342, § 297. The deed purports to be a sale of part of a section of land and refers to nothing by which that part can be ascertained, and the deed is therefore void for uncertainty. McGuire v. Stevens, 42 Miss. 724.

It has been held by the supreme court of the United States that, if the land granted be so inaccurately described as to render its identity wholly uncertain, the grant is void. Boardman v. the Lessees of Reed, 6 Pet. 345 ; 1 Greenl. Ev. 350, § 301.

Upon the whole, we think the court below did not err in dismissing the bill.

*The decree is therefore affirmed.*