OSCAR COLEMAN ET AL. *v.* GALBREATH, STEWART & CO.

DEED OF TRUST. *Plantation supplies. Failure to furnish full amount. Enforceable pro tanto. Damages.*

Parties who furnish plantation supplies under a deed of trust executed to secure such advances, to be made from time to time during the year, but have failed to furnish up to the amount mentioned in the instrument, the contract being separable and continuing, are entitled to enforce their security *pro tanto* to the extent of the supplies which they have actually furnished thereunder, subject to the right of the grantors in the deed of trust to have a reduction of the demand of the creditors, to the extent of any loss directly traceable to their breach of contract, and fairly within the contemplation of the contracting parties, as a natural result from such breach of contract, and which could not by reasonable effort have been avoided by the said grantors.

APPEAL from the Chancery Court of Bolivar County.

Hon. E. STAFFORD, Chancellor.

The deed of trust which this bill in chancery was filed to

enforce on certain equitable grounds was made by the Colemans, the plaintiffs in error, to a trustee, for the benefit of Galbreath, Stewart & Co., the defendants in error, and conveyed to the trustee certain real and personal property. The condition of this instrument was that whereas Galbreath, Stewart & Co. agreed to furnish, on the order of the parties of the first part (the Colemans), plantation supplies, money, &c., during the year, to an amount not exceeding $10,000, at Memphis, Tenn., including reasonable charges, and the Colemans agreed to repay the full amount of such advances on or before the 1st January, 1868, now if the Colemans should pay the debt on or before the 1st January, 1868, the deed should be void, but on default of payment there was a power of sale in the trustee.

The instrument was signed by the Colemans, Galbreath, Stewart & Co., and the trustee, and acknowledged and recorded.

*T. J. Wharton,* for the appellants, made an elaborate oral argument.

*Clark & Montgomery* and *Wharton,* on the same side.

1. The furnishing of the $10,000 of supplies was a condition precedent to the enforcement of any right under the deed by Galbreath, Stewart & Co. Having refused in the early part of the year, after advancing $2,000, to advance any more, they forfeited all right to enforce the instrument.

2. By their arbitrary refusal to make further advances the planting interest of the Colemans was thrown into confusion, and they were damaged by the breach of contract to an amount greater than the sum advanced by the complainants.

*James Z. George,* for the appellees, argued the case orally.

*Harris & George,* on the same side.

1. There are several answers to the claim for damages. The contract did not oblige Galbreath, Stewart & Co. to advance any specific amount, but only to furnish supplies during the year. There is nothing in the contract to compel the Colemans to receive $10,000 of supplies, and to bind Galbreath, Stewart & Co. to that condition. It should be mutual. The amount of supplies to be furnished not being fixed, we must conclude it was left for future adjustment. Suppose the Colemans had become insolvent, would Galbreath, Stewart & Co. have still been

compelled to furnish the supplies? Or suppose both parties had become satisfied they could not be paid for. Necessarily the quantity and quality of the supplies were left to be determined by future agreement; and such an agreement was made.

2. But if liable for damages for not furnishing $10,000 worth of supplies during the year, they are on the facts in evidence only liable for nominal damages. It is not shown that any direct injury, which could not have been avoided by the Colemans, resulted to them from the failure. At most it was a contract to pay money, and the measure of damages is the legal interest. Sedgwick on Damages, c. 8, 233 *et seq.*; Mayne on Damages, c. 2, 6. But if it was a contract to sell and deliver articles, the measure is the difference between the contract price and the market price. Sedgwick on Damages, 260 *et seq.*; Mayne on Damages, 86; 16 Q. B. 941.

The court is referred on the general subject of damages as applicable to the facts of this case to the following cases in our own court: *Jamison* v. *Moon*, 43 Miss. 598; *College* v. *Brown*, 10 S. & M. 605; *Whitfield* v. *Whitfield*, 40 Miss. 352; *Vicksburg Railroad* v. *Ragsdale*, 46 Miss. 458.

CAMPBELL, J., delivered the opinion of the court.

This is a controversy between grantors in a deed of trust executed to secure advances of plantation supplies, money, &c., and the beneficiaries in the deed of trust, who agreed to furnish the grantors in said deed such plantation supplies, &c., during the year 1867, not to exceed $10,000, and did furnish from time to time such supplies to the amount of nearly $2,000, and then ceased and refused to furnish any more. The creditors exhibited their bill to enforce the deed of trust to the extent of their account for supplies actually advanced under the contract, and it is resisted on the ground that they were bound to advance to the full amount of $10,000, and cannot enforce the deed of trust to any extent, because they did not advance to the full amount; and for the further reason that the defendants, who made the deed of trust, and thereby contracted for supplies to the amount of $10,000, sustained damages to the extent of $7,000 by reason of the failure of the complainants to fulfil their obligation to make said advances.

We hold the contract evidenced by the deed of trust not to be an entire contract, but separable, and hence apportionable, so that the parties who furnished supplies under it are entitled to enforce their security *pro tanto*, subject to the right of the grantors in the deed of trust to have a reduction of the demand of the creditors to the extent of any loss directly traceable to the breach of contract by the other party, and fairly within the contemplation of the contracting parties, as a natural result from such breach of contract, and which could not by reasonable effort have been avoided by the parties disappointed. The contract to furnish supplies from time to time during the year is a continuing one, and *pari passu* with each amount advanced, a liability accrues to the party advancing from him to whom it is made. 2 Parsons on Contracts, 517 *et seq.*

Applying this principle to the case at bar, it is found that the complainants are entitled to enforce the deed of trust to the extent of advances actually made, and their debtors have the right to reduce the demand according to the rule above stated. The question is, Have they brought themselves within this rule ? We think not. The record does not warrant the belief that they sustained any loss from the refusal of the complainants to advance further supplies. It does not appear that the incumbrance in favor of the complainants (appellees) was any hindrance to the obtaining of credit by the grantors from others for supplies needed, or that they were put to great trouble or expense in obtaining them from others, or that they were without other property or means as a basis of credit. The contrary appears. It does not appear that the conduct of the complainants in refusing further supplies was wanton and altogether causeless, nor that their determination was sudden and without notice, to the injury of the grantors in the deed. After notice to Edwin Coleman that they would not furnish more, they did furnish him a temporary supply.

The respondents stated in their answer and in evidence that, by reason of the failure of the complainants to advance further, they sustained a heavy loss ($7,000) ; but it is evident this is mere opinion, and is not sustained by the whole record.

*The decree is correct, and is affirmed.*