E. H. COGBURN *v.* MARGARET HUNT ET AL.

1. TAX SALE.  *Description of subject-matter.  Certainty.*

An assessment, list of lands sold to the State, deed from the State, and another from its vendee, which describe the land as "part of lot 285, sq. 59, Vicksburg proper," are inadmissible as evidence in ejectment, because of patent ambiguity.

2. SAME.  *Code* 1871, § 1676.  *Patent and latent ambiguity.*

Code 1871, § 1676, which provides that no failure to observe any of the requirements in regard to arranging and designating lots on the assessment roll shall vitiate the assessment, if the lot be so described as to be identified, does not affect the distinction between patent and latent ambiguity.

ERROR to the Circuit Court of Warren County.

Hon. UPTON M. YOUNG, Judge.

On the trial of this action of ejectment, Cogburn, the plaintiff, to show title in himself, offered the assessment roll of lands in Warren County for 1874, the list of lands in Vicksburg sold to the State in 1875, as delinquent for the taxes of 1874, a deed from the State to one McGinty, and another from McGinty to himself, in all of which the description was, "part of lot 285, sq. 59, Vicksburg proper," together with testimony that the lot thus described was the one sued for.  The documents were excluded for patent ambiguity.  From judgment for the defendants the plaintiff brought up the case.

*W. L. Nugent,* for the plaintiff in error, argued the case orally.

*Nugent & McWillie,* on the same side.

In view of § 1676 Code 1871, the description is certain enough.  The owner, having so given in the land to the assessor, cannot defeat the title of the State, on the ground of defects in the description.  *Bosworth* v. *Danzien,* 25 Cal. 296 ; *Strauch* v. *Shoemaker,* 1 Watts & Serg. 175 ; 7 Watts & Serg. 390 ; 6 Har. (Penn.) 151 ; 9 Barr, 38 ; *Glass* v. *Gilbert,* 58 Penn. St. 266 ; *Gilman* v. *Riopelle,* 18 Mich. 145 ; *Woodside* v. *Wilson,* 32 Penn. St. 52 ; *Philadelphia* v. *Miller,* 49 Penn. St. 440 ; *People* v. *Crockett,* 33 Cal. 150 ; *Webster* v.

*Blount,* 39 Mo. 500 ; *Stewart* v. *Chadwick,* 8 Iowa, 463 ; Blackwell on Tax Titles, 125.

*Marshall Miller,* for the defendants in error, argued the case orally.

*Marshall & Miller,* on the same side.

The description presents a case of patent ambiguity. *Brown* v. *Guice,* 46 Miss. 299 ; *Bowers* v. *Andrews,* 52 Miss. 596 ; *Yandell* v. *Pugh,* 53 Miss. 295 ; which § 1676 Code 1871 does not give the right to explain. *Lafferty* v. *Byers,* 5 Ohio, 458 ; *Massie* v. *Long,* 2 Ohio, 287 ; Blackwell on Tax Titles, 450, 455. In tax cases an accurate and pertinent description of the land embraced in the list is essential to its validity. Blackwell on Tax Titles, 154, 172, and authorities cited. The legislature, appreciating this difficulty, have, since the transactions on which the present suit is based, passed an act authorizing the introduction of parol evidence in such cases. Acts 1876, p. 139. But that act applies in terms to future assessments and sales. If the description is ambiguous, whether caused by the owner so giving it to the assessor or not, the instruments cannot be evidence.

CAMPBELL, J:, delivered the opinion of the court.

The objection to the assessment, sale list, and deed from the auditor, and that from his vendee to the plaintiff, as evidence, was properly sustained, because of the *patent* ambiguity in each instrument. *Bowers* v. *Andrews,* 52 Miss. 596 ; *Holmes* v. *Evans,* 48 Miss. 247 ; *Brown* v. *Guice,* 46 Miss. 299. That provision of § 1676 Code 1871, which, after directing how the assessor shall arrange lands and lots on the assessment roll, and how he shall designate them, declares, " but no failure to observe any of these requirements shall be held to vitiate any assessment, if the land or lot be so described as to be identified," does not in any way affect the distinction between patent and latent ambiguities, nor relieve against the necessity of so describing the land assessed as to be identified by the assessment. It simply authorizes some other mode of identification than description by range, township, section and subdivisions of sections, or squares, lots and subdivisions.

*Judgment affirmed.*