## HERSHEY V. THOMPSON.

1. TAX SALES : *Void for want of description in assessment,*
    An assessment of land for taxation which merely describes it " as part of the S. E. ¼ of the N, E. ¼ of Sec. 15 in T. 8 N., and in Range 32 W.," is void for want of a description of the part assessed, and no valid sale can be based thereon.
2. SAME : *Same : Reimbursement of purchaser.*
    The purchaser at a tax sale void for want of description in the assessment of the land sold, is entitled under *Sec.* 5789, *Mansf. Dig.*, to receive from the proprietor of such land the amount of the taxes for which it was sold and the amount paid thereon by him subsequently, and to a lien on the land for the payment thereof, if he can show beyond cavil or doubt what land he purchased, and can also show that it was delinquent for unpaid taxes. But in such case proof that the person in whose name the land was assessed owned no other in the legal subdivision of which it is a part, is not sufficient to identify it.

3. SAME: *Action against purchaser: Claim for improvements, etc.*

　　*Section 2651, Mansf. Dig.*, providing that when judgment shall be given for the recovery
　　of lands against a defendant whe held them by virtue of a sale thereof for taxes, dam-
　　ages shall be assessed in his favor for the amount of all taxes, etc., paid on the land
　　and for all improvements made thereon aftor the expiration of the period allowed for
　　redemption, applies only to taxes paid and improvements made on lands sold by col-
　　lectors or auditors for the non-payment of taxes, or by the state after forfeiture for
　　such non-payment. It has no application to actions for the recovery of lands held
　　under an invalid sale made under the act of March 4, 1879, by the county clerk before
　　forfeiture to the state.

4. EJECTMENT: *Color of title: Compensation for improvements.*

　　A tax deed which contains no description by which the land intended to be conveyed
　　can be identified, is void and does not constitute color of title: Such deed is itself
　　sufficient to put one holding under it, on notice that he has no title and on a judgment
　　against him for the recovery of the land, he is not entitled to compensation for im-
　　provements.

APPEAL from *Sebastian* Circuit Court.

R. B. RUTERFORD, Judge.

*U. M. & G. B. Rose,* for appellant.

Appellant was entitled to credit for taxes paid and im-
provements made. *Mansf. Dig., sec.* 2651. His title may
have been void, but the statute was passed for the protection
of purchasers of void titles. See 28 *Ark.*, 299 ; 32 *Id.*, 535 ;
41 *Id.*, 149.

The description of the land is defective, but there was
proof to identify it as the only tract owned by Erb in that
sub-division, and that it was the identical one on which
Hershy paid taxes and made improvements.

There is a difference between an imperfect description
used offensively and defensively. 46 *Tex.* 331. It is the
duty of the owner to pay taxes; and if his lands are so as-
sessed that he can ascertain what they are, he must pay,
though the description be not sufficient to constitute a good
conveyance. The essential fact is, that Erb did not pay the
taxes on his land, and that Hershy did pay them.

Appellee failed to show title. He traced his title to Estes,

but failed to show any in Estes. 19 *Ark.*, 202; 26 *Id.*, 423. He fails to show possession in his vendors sufficient to confer a claim of ownership. 48 *Ark.*, 280; 22 *Id.*, 79; 24 *Id.*, 372; 27 *Id.*, 77; 47 *Id.*, 511.

*Sam W. Williams,* for appellee.

It is sufficient against a mere trespasser, or wrong-doer without better title, to trace title to one formerly in possession. Even if the title was in the goverment, the owner of improvements may bring suit for possession. *Mansf. Dig.*, sec. 2628 *Cl.*, 3; 31 *Ark.*, 279; 31 *Id.*, 334; 41 *Id.*, 97; *Abb. Tr. Ev.*, p. 692, sec. 3. And older possession not shown to be wrongful, is *prima facie* evidence of title. 33 *Ark.*, 150; 21 *Id.*, 62; *Abb. Tr. Ev.*, p. 692; 31 *Ark.*, 279; *Tiedeman on Real Prop.*, sec. 704.

Appellant was not entitled to taxes and betterments. His deed was void for uncertainty of description on its face. 3 *Ark.*, 18; 30 *Id.*, 640; *Ib.*, 513; 40 *Id.*, 237; *Blackwell on Tax Titles*, p. 450. There must be *bona fides* to entitle to either. *Tiedeman on Real Prop.*, sec. 702. See 5 *S. W. Rep.*, 374.

The act of 1879 was unconstitutional and void. 42 *Ark.*, 77; *Cooley on Tax*, p. 481. Without a sufficient description of the land assessed, the owner is not bound to pay the taxes, and his rights are not forfeited. *Cooley Tax*, 486, 404, 408. The proof offered was not sufficient to identify the land. *Gantt's Dig.*, sec. 5116; *Mansf. Dig.*, sec. 5675. The name of the owner is no part of the description, but the description must be such as will identify the land. *Welty on Assessments*, secs. 80–96. The proof must pertain to the lines upon the land itself. 40 *Ark.*, 237; 28 *Ark.*, 146. A tax deed void for want of authority in the officer differs from one void for mere irregularity. One entitles to

Hershey v. Thompson.

taxes, the other does not. 43 *Ark.*, 398; 33 *Id.*, 748; 51 *Mich.*, 335; *Cooley Tax, note* 1, *p.* 553.

*Sec.* 2651 *Mansf. Dig.* does not apply. This was not a clerk's deed for irregularity, but had no law to stand on and was not even color of title. Hershy was a mere trespasser, not holding *bona fide*, and was not entitled to betterments. 45 *Ark.*, 411; 46 *Id.*, 333; 47 *Id.*, 445.

BATTLE, J. This was an action of ejectment commenced by Thompson against Hershy, in the circuit court of Sebastian county, to recover a certain tract of land in that county, containing five acres. Plaintiff recovered judgment for the land, and the defendant appealed.

Appellee alleges that he is the owner and entitled to the possession of the land and that appellant is wrongfully in possession. This is denied by appellant. To sustain his claim appellee traces his title back, through Newman Erb to G. W. Estes, but does not undertake to show that Estes had any title. He alleges, and appellant does not deny, that Erb took actual possession when he purchased. It appears that a tract of land was listed and assessed for taxation for the year 1878 as " part of the southeast quarter of the northeast quarter of section fifteen, in township eight north, and in range thirty-two west," in the name of Erb. No other description of the land was given in the assessment. Appellant alleges in his answer, that the land so assessed was returmed delinquent on account of the non-payment of the taxes for the year 1878; and that he redeemed and purchased it from the county clerk of Sebastian county; and to identify it as the land in controversy alleges that it was assessed in the name of Newman Erb, and that the land in controversy was all the land owned or claimed by Erb in the southeast quarter of the northeast quarter of said section fifteen; and averred that he notified Erb that he had purchased. Erb testified that he

purchased the land sued for of E. M. Estes on the 8th of November, 1872, and that Estes delivered him the deed under which he (Estes) held and claimed possession; and that when he (Erb) purchased he went into immediate, ac- tual possession of the land, and had it properly enclosed, by having the fence around it repaired, and remained in pos- session until he sold; and that he paid the taxes on it regu- larly, except for one year. These allegations of appellant and the testimony of Erb are sufficient to sustain the verdict of the jury, as to the right to the land, in this court.

But appellant insists he was entitled to judgment for taxes paid, and for improvements made by him on the land. It is true a part of the southeast quarter of the northeast quarter of section 15, in township 8 north, and in range 32 west, con- taining five acres, was assessed for taxation for 1878, but no other description was given of it in the assessment. It was returned delinquent for the taxes of that year, and not hav- ing been redeemed by the owner within the first year after it was returned delinquent, appellant redeemed it within the second year, under an act entitled "An act to provide for the redemption of delinquent lands, and to repeal sections 5185 and 5186 of Gantt's Digest," approved March 14, 1879; and the county clerk of Sebastion county executed and de- livered to him a deed therefor, describing it as described in the assessment. It is obvious that he took nothing by his redemption, because the assessment and deed, under which he claims, are void.

But the question recurs, is appellant entitled to anything for taxes paid? In the assessment of lands for taxation the statutes of this state provide that the description of each tract or lot of real property shall be such as to identify it and distinguish it from all other tracts or lots. The object of such description is to inform the owner and all other persons of the tracts and lots assessed and the amount of

1. TAX SALES: Void for want of de- scription in assessment.

Hershey v. Thompson.

taxes levied thereon. From the description given of the tract purchased by appellant for the taxes of 1878, it cannot be ascertained what part of the southeast quarter of the northeast quarter of said section fifteen, containing five acres, was assessed. In fact there was no description, and the assessment of this indefinite and unknown part was void. *Gantt's Digest*, sec. 5117; *Mansfield's Digest, sec.* 5677; *Cogburn v. Hunt*, 54 *Miss.*, 675 ; *Detroit Young Men's Society v. Mayor, &c. of Detroit*, 3 *Mich.*, 184; *Greene v. Lunt*, 58 *Me.*, 518 ; *Lessee of Massie's Heirs v. Long*, 2 *Ohio*, 293; *State v. Elizabeth*, 39 *N. J. L. Rep.*, 689 ; *Yandell v. Pugh*, 53 *Miss.*, 303. There being no legal assessment of the five acres there could be no valid sale thereof. But the statutes of this state provide, that upon the sale of any land for taxes, if such sale should prove invalid on account of any informality in the proceedings of any officer having any duty to perform in relation thereto, the purchaser at such sale shall be entitled to receive from the proprietor of such land or lot the amount of taxes for which such land was sold, and the amount of taxes paid thereon by the purchaser subsequent to such sale, and such land shall be bound for the payment thereof. One of the requirements necessary to the validity of the sale being a description of the land in the assessment, which of itself shall identify, it follows that the purchaser at a sale void because of a want of a description in the assessment would be entitled to receive from the proprietor the amount of the taxes for which the land was sold, and the amount paid by him subsequent to the sale, and to a lien on the land for the payment thereof, if " he can show beyond cavil or doubt what land it was that was sold to him, and can show further, that said land was at the time delinquent for unpaid taxes," " though in so doing he is forced to resort to other evidence than that afforded by the assessment rolls and the tax deed." Under this construction of the

2. SAME:
Same:
Reimbursement of purchaser.

Hershey v. Thompson.

statutes no wrong can be done the owner. His land cannot legally escape taxation for any year by any neglect or omission; for the statute expressly provides, that in case land subject to taxation shall by mistake or inadvertence, be omitted to be entered on the tax books for any year, it shall be entered on the tax books of the next succeeding year and that the taxes of the current year and of each and every preceding year in which it shall have escaped taxation shall be added. The state is estopped from claiming the taxes thus paid the second time, and the purchaser receives back the taxes which the owner should have paid; and the manifest object and intent of the statute is accomplished; and the owner is forced to discharge the duties imposed upon him in the first instance. *Gantt's Digest*, secs. 5134, 5214; *Mansfields Digest*, secs. 5699, 5701, 5789; *Cogburn v. Hunt*, 56 *Miss.*, 718; *Hunt v. Curry*, 37 *Ark.*, 108.

In *Bagley v. Castile*, 42 *Ark.*, 77, this court held, that a purchaser under the act of March 14, 1879, and his vendee, have a lien upon the land for the burden discharged, both in the purchase and for subsequent taxes, notwithstanding the act under which the sale was made was unconstitutional and void.

Appellant offered to identify the land in controversy as the land purchased by him and on which he paid subsequent taxes, by showing that it was the only land owned or claimed by Erb in the legal subdivision of which it is a part, but this does not show that the land owned by Erb was the land assessed or sold. If the appellant had shown that every other portion of the legal subdivision was assessed by proper description, it probably would have been sufficient proof that the land in controversy was the land intended to be sold to appellant, and that he had paid taxes on it. The description of the land in the receipts for subsequent taxes paid by appellant is equally defective as that in the assessment for

1878; and the proof offered is not sufficient to identify it as the land in controversy beyond cavil or doubt, or satisfactorily.

It is contended that appellant is entitled to compensation for improvements under the act of January 10, 1857. But that act only applies to taxes paid and improvements made on lands sold by collectors, auditors of public accounts, for the non-payment of taxes, or purchased from the state by virtue of any act providing for the sale of lands forfeited to the state for the non-payment of taxes, or held under a donation deed from the state. The land sold to appellant, if any, was sold by a county clerk before any forfeiture to the state. *Mansfield's Digest*, secs. 2649 *and* 2651.

"To successfully assert a claim for improvements," it is said, "an occupant must ordinarily show not only that he occupied and claimed the land in good faith, but also under color of title, *i. e.*, under some instrument or paper writing presenting the appearance or semblance of title." A deed which contains no designation or description by which the land intended to be conveyed can be identified presents no semblance or appearance of title, and does not constitute color of title. Such deeds themselves put the holder on notice that they have no title. They do not purport to convey anything and are void. Such is the deed under which appellant claims. No one can be heard to say he has been misled by such a deed. *Humphries v. Huffman*, 33 *Ohio, St.* 395; *Shackelford v. Bailey*, 35 *Ill.*, 387; *Sedgwick & Wait on Trial of Title to Land* (2d *Ed*), sec. 767; *Field v. Columbet*, 4 *Saw.*, 523; *Griswold v. Bragg*, 19 *Blatch.*, 94; *Lunquest v. Ten Eyck*, 40 *Iowa*, 213; *Sedgwick & Wait on. Trial of Title to Land*, sec. 697, *and cases cited.*

Judgment affirmed.

3. SAME: Action against purchaser: Claim for improvements, etc.