EGGERT, *Appellant*, v. CHARLES H. HEER DRY-GOODS
COMPANY *et al.*

DIVISION ONE.

1. Practice in the Supreme Court: APPELLANT'S ABSTRACT. The
abstract of the record furnished by the appellant in the supreme
court will be presumed to be correct when not controverted by the
respondent.

2. Contract to Convey Land: SPECIFIC PERFORMANCE. A valid
contract for the sale of land, as in this case, will be specifically
enforced against the vendor and subsequent purchasers from him
who bought with full notice of the contract.

3. ———: DESCRIPTION: PRESUMPTION. The description of land in a
contract to convey, as "part of the northwest quarter of the south-
west quarter of section 23, township 24, range 26, thirty-seven
acres," is not accurate, but it will be presumed that the tract so
designated was well known by that description, and it will be
*held* sufficient, where no objection was taken to it in the trial
court.

*Appeal from Barry Circuit Court.*—HON. W. D.
HUBBARD, Judge.

REVERSED AND REMANDED.

THIS was an action brought by plaintiff for the
specific performance of a contract to convey certain
real estate to him. The petition was as follows:

"The plaintiff, Carl Eggert, for his cause of action,
herein states, that the defendant, the Charles H. Heer
Dry-Goods Company of Springfield, Greene county,
Missouri, is, and for all the dates and periods herein-
after mentioned has been, a corporation duly incor-
porated and existing as a corporation under the laws of
the state of Missouri, and as such is entitled to sue and
be sued, plead and be impleaded, in all the courts of
this state; that on the twelfth day of December, A. D.

VOL. 102, OCTOBER TERM, 1890.     513

Eggert v. The Chas. H. Heer Dry-Goods Co.

1885, the said Charles H. Heer Dry-Goods Company was the owner in fee of the following described real estate, lying, being and situate in the county of Barry and state of Missouri, viz., part of the northwest quarter of the southwest quarter of section 23, township 24, range 26—thirty-seven acres, and the south half of the southwest quarter of section 23, township 24, range 26—eighty acres; total, one hundred and seventeen acres; that said Charles H. Heer Dry-Goods Company on said twelfth day of December, 1885, executed and delivered to plaintiff its certain contract in writing (which contract is hereto attached and herewith filed) wherein and whereby it agreed to sell to plaintiff the aforesaid real estate on the following terms and conditions, to-wit:   That plaintiff was to pay to said defendant the sum of five dollars ($5) cash in hand and was to pay to said Dry-Goods Company the further sum of one hundred and ninety-five dollars ($195) within thirty (30) days of that date, and was to execute to said Dry-Goods Company within said thirty (30) days his three several promissory notes as follows:

> " One note due one year from date, eight-
>     per-cent. interest.....................$ 50
> " One note due two years from date, eight-
>     per-cent. interest...................... 100
> " One note due three years from date, eight-
>     per-cent. interest...................... 100
>                                             ————
>                                             "$250

"All of said notes to be secured by trust deed on lands herein described, and said Dry-Goods Company further contracted and agreed that said Dry-Goods Company should execute and deliver to plaintiff a good and sufficient warranty deed, conveying to him the real estate aforesaid.

" Plaintiff further states, that he paid to said Dry-Goods Company on said twelfth day of December, 1885,

VOL. 102—33

said sum of five dollars ( $5 ) in cash on said contract, and within less than thirty days thereafter, to-wit, about January 1, 1886, he paid to said Dry-Goods Company said sum of $195, all in full compliance with said terms of said contract.

" Plaintiff further states that within less than thirty ( 30 ) days after said twelfth of December, 1885, to-wit, on the sixth day of January, A. D. 1886, said Dry-Goods Company refused to comply with the terms of said contract on their part and refused to execute a deed of conveyance for said real estate to plaintiff in compliance with the terms of its said contract and still refuses to comply with said contract, and on said sixth day of January, A. D. 1886, notified plaintiff of its refusal to comply with said contract.

" Plaintiff further states that at the time of the execution and delivery to him of said contract ( December 12, 1885 ) he was a resident of, and owned real and personal property in, Jasper county in the state of Iowa, and, relying upon the aforesaid contract, and in full faith that said Dry-Goods Company would comply with its terms on their part, he returned to the state of Iowa and sold his real estate therein and a portion of his personal property to enable him to comply with his part of said contract and to enable him to remove to the aforesaid lands contracted for and make his future home thereon, and that said sales so made by him were made necessarily at a very heavy sacrifice, and, with his family and with the balance of his personal property, he removed to this county to make his future home on said lands ; and if he cannot now obtain the title to said land so as aforesaid contracted for he will suffer irreparable injury.

" Plaintiff further states that said Dry-Goods Company, in utter disregard and violation of their said contract, did, within said thirty days, contract with defendant, W. G. Fare, to sell said land to him ; and, in fulfillment of said contract with said G. W. Fare, said

Dry-Goods Company on the twentieth day of January, A. D. 1886, executed a deed conveying the fee of said land to defendants, G. W. Fare and Mary E. Fare, his wife; that the title so conveyed to said defendants, G. W. Fare and Mary E. Fare, was by them taken and is by them now held for the sole use and benefit of the defendant, W. G. Fare, who is now in possession of all of said real estate; that defendants, G. W. Fare and Mary E. Fare, paid to said Dry-Goods Company the sum of $200 only, and executed their notes to said Dry-Goods Company for the sum of $250, the balance of the purchase price by them to be paid for said land and by their deed of trust by them duly executed on the —— day of January, 1886, and recorded on pages 524, 525 and 526, in book "F" of mortgages and deeds of trust in the office of recorder of deeds in said county of Barry, they conveyed said land to one Wm. C. Hornbeak, in trust, to secure the payment of said notes to said Dry-Goods Company, and that said Hornbeak never accepted said trust, and no consideration passed from him, and that no other consideration than the securing the payment of said notes to said Dry-Goods Company ever passed to said G. W. Fare and Mary E. Fare for the execution of said deed of trust, and that said Hornbeak has no interest whatever in said land; that a large part of said land is in actual cultivation, and the rents and profits thereof is worth five hundred dollars ($500) per year.

"Plaintiff further states that the defendants, G. W. Fare and Mary E. Fare, his wife, and W. G. Fare, had full knowledge of the contract and agreement in writing, so as aforesaid executed by said Dry-Goods Company to the plaintiff at and prior to the time they contracted with said Dry-Goods Company.

"That all contracts and conveyances of or regarding the real estate aforesaid to any of the other defendants was subsequent and subject to all the legal rights and equities of plaintiff under the contract, executed

prior thereto, to him (plaintiff). Plaintiff now here makes profert of the full purchase price by him agreed to be paid by him for said land, to-wit: $450, together with interest at the rate of eight per cent. per annum upon $250 of said sum, from the eleventh day of January, A. D. 1886, to the said Dry-Goods Company, or to any other of said defendants, who may be entitled to the same.

"Plaintiff further states that he has no adequate remedy at law.

"Wherefore plaintiff prays the court to decree and compel the specific performance of the contract aforesaid to him made by said Dry-Goods Company, and that he be invested with a full and complete title to said real estate and be placed in the full possession thereof, and that such of the defendants as are receiving or may hereafter receive the rents and profits of said real estate may be required and compelled to account to plaintiff for all they have received or may receive from said rents and profits and for the full worth and value of the use, occupation and profits of said land from the eleventh day of January, A. D. 1886, until the plaintiff be put in the actual possession of the same, and that said deed of trust be annulled, canceled and for naught held, and for all other just and proper relief in the premises."

The testimony clearly showed that the plaintiff came from Iowa to Barry county, Missouri, in the latter part of 1885, seeking a home for himself and his family. He saw the land in controversy; it had a spring and good water, good land and good timber, and it suited him. He thought it a bargain. He learned that the Charles H. Heer Dry-Goods Company, of Springfield, Missouri, owned the land and he went there to buy it, and there paid said company $5 on the purchase price and received from the company the written contract sued upon in this action, and read in evidence and dated January 12, 1886; plaintiff then went back to Iowa, sold out all his

property there that could be sold, except his steam saw-mill; in making said sale he sacrificed at least $300; he remitted to said company the sum of $195 as per said contract and within the time specified, and was ready to execute the notes and trust deed named in the contract and within the time.

Plaintiff did not execute said notes and trust deed because said company returned the money he had paid, and refused to comply with the contract on their part and had sold the land to other persons.

Plaintiff, having sold out in Iowa, came into Barry county, where he now resides, and brought this suit; one Allen Perryman, within the thirty days mentioned in said contract with plaintiff and with full knowledge of the existence of said contract, and at the request of the defendant, W. G. Fare, who was then on a part of said land, went to Springfield and contracted with said Charles H. Heer Dry-Goods Company for said land on precisely the same terms that the company had contracted it to plaintiff; said company conveyed said land to said Perryman on January 4, 1886, which was within the thirty days named in the contract; Perryman executed his notes to said company for $250 and secured them by a deed of trust on said land; that said deed to Perryman was not recorded, and the defendants, W. G. Fare and G. W. Fare, came to Perryman and wanted the land, and, as the deed was not recorded, Perryman, on receiving pay from said W. G. Fare and G. W. Fare for his trouble, turned the deeds and papers over to them, W. G. and G. W. Fare, with the consent of the Heer Dry-Goods Company, and said company afterwards, about January 20, 1886, duly executed its warranty deed, in regular form conveying said real estate to G. W. Fare and Mary E. Fare (Mary E. Fare being the wife of G. W. Fare), and they, G. W. Fare and Mary E. Fare, executed their notes to said company and secured them by deed of trust on said lands. This sale

was for the same price and on the same terms set forth in the contract with plaintiff.

Perryman was made a defendant, but entered in court his disclaimer of any interest in said land or in this action, and thereupon the action was dismissed as against him.

The purchase of the land in controversy by defendants, G. W. Fare and Mary E. Fare, from said company was made by and through the defendant, W. G. Fare, and all of the defendants at the time of said purchase knew of the contract between said Dry-Goods Company and plaintiff for the purchase of said land.

The letter of the Charles H. Heer Dry-Goods Company refusing to fulfill their contract was as follows, to-wit:

" SPRINGFIELD, Mo., January 6, 1886.
" *Messrs. Harrah & Myers, Newton, Iowa.*

" GENTLEMEN :—We are just in receipt of your favor of the second inst. inclosing draft for $195. You will please say to Mr. Eggert that we find that we are unable to give him possession of the land, as the man who is on the land proposes, with color of right, to contest our title. We were not aware, at the time of contracting with Eggert, that we could not give him peaceable possession. But such being the case, the sale as per contract stands off, and we accordingly return you herein the $5 paid by Eggert as forfeit and also the draft for $195. Please have Mr. Eggert return us contract and oblige      Yours very respectfully,
" CHAS. H. HEER DRY GOODS CO.

"Our Mr. Hornbeak, who contracted with Eggert, is now out of town, and as soon as he returns he will explain further."

The warranty deed for the land, executed by said company, was not to W. G. Fare, who they say was on the land and proposing to contest their title, but to G. W. Fare and Mary E. Fare.

*N. Gibbs* and *T. M. Allen* for appellant.

( 1 )   *First.*   The contract for the sale of the land in controversy was in writing and signed by the party to be charged ( *i. e.*, the owner in fee ), and was clear and certain in its terms, and afforded a competent basis for a suit for specific performance.   *Second.*   Plaintiff made the cash payment to the vendor within the time agreed upon, and within that time offered to execute the notes and trust deed for the balance ( *i. e.*, for the time payments).   *Third.*   The vendor having notified the plaintiff ( the vendee ), six days within the time specified, that he ( vendor ) had rescinded the contract, there was no necessity for plaintiff to tender to the vendor the notes and trust deed for the deferred payments within the time named in the contract, or before bringing his suit for specific performance of said contract.   *Fourth.* Time is not generally deemed in equity to be of the essence of the contract for the sale and conveyance of land, and, under the evidence in this case, the contract should be specifically enforced.   *Martin v. Grimes,* 88 Mo. 478, and authorities cited ; *Hardy v. Matthews,* 42 Mo. 406.   ( 2 )  A court of equity will decree the specific performance of the contract sued upon, against the defendants, G. W. Fare and Mary E. Fare, who accepted a deed to the land in controversy, with full knowledge of the contract of their vendor with the plaintiff ( said deed having been obtained through the active aid and acquiescence of their codefendant, W. G. Fare, who was in possession of part of said land ).   *Thompson v. Henry,* 85 Mo. 451 ; *Farrar v. Patton,* 20 Mo. 81.   ( 3 )   The purchase of the land in controversy from the Charles H. Heer Dry-Goods Company by G. W. Fare and Mary E. Fare, through the active aid and agency of W. G. Fare and Allen Perryman, was not only with full knowledge of plaintiff's right to enforce the specific performance of the contract against the grantor, but for the express purpose of thwarting plaintiff's purchase and obtaining

the land themselves, and they are in no sense *bona fide* purchasers. Authorities, *supra ;* 3 Parsons Cont. [ 5 Ed. ] p. 385. ( 4 ) The entire evidence in this case is preserved in the record ; the facts are undisputed ; all parties who have, or may have, any interest in the land in controversy, whether such interest be possessory only, or secret trust, or with color of title, are made parties to this action and are properly in court ; and appellant asks that this court enter such judgment and decree as he is entitled to and on such terms and conditions as may to the court seem just to all parties, for such is the province of a court of equity.

SHERWOOD, P. J.—The plaintiff seeks specific per-· formance of the following contract :

" SPRINGFIELD, Mo., December 12, 1885.

" Charles H. Heer Dry-Goods Company of Springfield, Greene county, Missouri, agrees to sell to Carl Eggert, of Jasper county, Iowa, the following described tracts of land lying in Barry county, Missouri, viz.: Part of the northwest quarter of southwest quarter of section 23, township 24, range 26, thirty-seven acres, and the south half of southwest quarter, section 23, township 24, range 26, eighty acres ; total, one hundred and seventeen acres, on following terms and conditions : Said Carl Eggert has paid us five dollars ( $5 ) to be considered as a bonus for the further carrying out of this contract, and hereby agrees to pay the said Dry-Goods Company the further sum of $195 within thirty days of this date and execute to said Dry-Goods Company within the thirty days aforesaid his three several promissory notes as follows :

" One note due one year from date, eight-per-cent. interest.....................$ 50

" One note due two years from date, eight-per-cent interest ..................... 100

" One note due three years from date, eight-per-cent. interest..................... 100

" $250

" All of said notes to be secured by trust deed on lands herein described. When said Eggert shall have complied with his part of this agreement, we hereby bind ourselves, our heirs and assigns to make him a good warranty deed to the premises herein described. It is understood that if said Eggert fails to close the trade in thirty days and make payments as aforesaid, this agreement is to be null and void, and he forfeits all rights under this contract and the $5 paid us.

" CHAS. H. HEER, President."

The petition in this cause accompanies this opinion, as also does the abstract of the testimony furnished by the plaintiff, which, not being controverted by the defendants,· who enter no appearance in this court, will be presumed correct.

The joint answer of the defendants was a general denial. The testimony, as will be seen, fully sustained the allegation of the plaintiff's petition, showing a valid contract entered into between the Heer Dry-Goods Company and the plaintiff; that contract not performed and that those who purchased the second time were purchasers with full notice of the first purchase.

These facts gave the plaintiff an undoubted standing in a court of equity and entitled him to the relief he sought. And in such circumstances it is as much a matter of course for a court of equity to decree specific performance as it is for a court of law to give damages in an action for breach of the contract. *Hall v. Warren*, 9 Ves. 608 ; Waterman Spec. Perf., sec. 3.

The first tract mentioned in the contract described as " part of," etc., does not seem to be very accurately described ( *Brown v. Guice*, 46 Miss. 299 ); but as no objection was taken on that score in the lower court, it will be presumed that the thirty-seven acres thus designated was well known by that description, and, if so, that was sufficient.

We reverse the judgment and remand the cause with directions to the lower court to enter a decree for he plaintiff in accordance with this opinion. All concur.