**LOWRIE v. CAMPBELL LUMBER CO. et al.
(No. 2129.)**

Court of Civil Appeals of Texas. El Paso.
March 15, 1928.

Rehearing Denied April 5, 1928.

1. **Mortgages ⬅️25(5)—Mortgagee's failure to advance entire amount covered by deed of trust held not to invalidate contract, but simply rendered it unenforceable to extent of such failure.**

Where plaintiff agreed to lend $28,000 to defendant for completion of apartment house on defendant's note secured by deed of trust, which were delivered, but because of controversy arising out of defendant's failure to erect garage on mortgaged lot plaintiff advanced only $25,600 and refused to advance balance, held that there was a partial failure of consideration which did not invalidate contract evidenced by note and deed of trust, but simply rendered it unenforceable to extent of such failure, as against defendant's contention that plaintiff could recover only amount actually advanced on quantum meruit.

2. **Cancellation of instruments ⬅️24(2)— Mortgagor desiring to rescind contract evidenced by note and deed of trust must restore or tender amount received.**

If mortgagor desired to rescind contract evidenced by note secured by deed of trust because of mortgagee's failure to advance entire amount for which such instruments were given, it was incumbent on him to restore or tender the amount of money actually advanced.

3. **Mortgages ⬅️25(6)—Exclusion of evidence that mortgagee's agents understood garage was not to be built on mortgaged lot held not error.**

Where plaintiff agreed to lend $28,000 to defendant for completion of apartment house on defendant's note secured by deed of trust, which were delivered, but because of controversy arising out of defendant's failure to erect garage on mortgaged lot plaintiff advanced only $25,600 and refused to advance balance, exclusion of defendant's evidence that plaintiff's agents knew and understood that garage was not to be built on said lot held not error, since it related to issue of partial failure of consideration for which defendant mortgagor had received full credit on mortgage.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Suit by the Campbell Lumber Company and others against C. R. Lowrie, in which the Mortgage Bond Company of New York and others intervened. From an adverse judgment, defendant appeals. Affirmed.

W. M. Groce and J. B. Lewright, both of San Antonio, for appellant.

Church, Lawley & Graves, Terrell, Davis, Huff, & McMillan, and Cunningham, Moursund & Johnson, all of San Antonio, for appellees.

HIGGINS, J. The Campbell Lumber Company and others brought this suit against appellant, Lowrie, to recover debts due each of them for materials used in the construction of an apartment house in the city of San Antonio; to establish and foreclose statutory materialmen's liens upon the house and lot. A receiver of the property was appointed as prayed for. Later various other parties intervened, among them being the Mortgage Bond Company of New York, hereinafter referred to as the bond company, or as appellee.

The original plaintiffs and interveners, other than the bond company, need not be further noticed. No question is here presented

---

concerning the judgment as it affects the other parties. The controversy here affects only the bond company and Lowrie.

The bond company declared upon a note of Lowrie and deed of trust securing the note. The note was dated January 20, 1925, in the principal sum of $28,000, to the order of appellee, payable in installments, with 7 per cent. interest coupons attached. The note contains the usual accelerating maturity clause in case of default in the payment of interest and the usual attorney's fee clause of 10 per cent.; also provides for 10 per cent. interest after maturity. Default in the payment of interest was alleged and the exercise of the option to mature. The deed of trust bore even date with the note and covered the premises upon which the house was situate. A credit of $2,400 upon the principal was admitted in the petition; also payment of certain of the interest coupons.

Judgment was sought for the principal sum of $25,600, with interest, attorney's fees, and foreclosure of deed of trust.

In addition to a general denial and homestead plea, which was decided against him and as to which no question is here raised, Lowrie answered by lengthy special plea, which may be summarized as follows: He admitted he signed and delivered the note and deed of trust, but alleged same was not binding upon or effective against him because same was a part of an entire transaction and contract in this: Prior to January 20, 1925, defendant was constructing the apartment house; before said date he applied to appellee through its agent, Leonard-Hensley-Starkey Company of San Antonio, for a loan upon the premises for the purpose of paying debts incurred in the partial construction of the building and completing same; appellee and its agents agreed to lend him $28,000 for such purpose, and defendant accepted said offer; "it was agreed that said $28,000 should be advanced as needed for the purpose aforesaid;" it was agreed that the note and deed of trust should be executed and delivered, but with the understanding and agreement that the same should not "take final effect and become binding upon" defendant until the entire $28,000 was advanced; said house was completed, but appellee had advanced only $25,600, wherefore the note and deed of trust has not become effective and binding upon defendants; same are null and void, and the bond company is precluded and estopped from claiming a lien, and can recover, if at all, only $25,600 "as upon a quantum meruit, upon open account as for money had and received."

A peremptory charge was given in favor of the appellee for $25,600, with interest and attorney's fees, as prayed for, in accordance with which verdict was returned and judgment rendered.

The evidence does not raise an issue of conditional delivery of the note and deed of trust as by the defendant alleged. For this reason those propositions are overruled which proceed upon the theory that the note and deed of trust were not to become binding upon and effective against appellant, until the entire $28,000 was advanced.

In view of the admitted signing and delivery of the instruments it may be doubted whether any condition inconsistent with their terms could be ingrafted thereon by parol evidence, in the absence of fraud or mistake. Holt v. Gordon, 107 Tex. 137, 174 S. W. 1097.

[1] Other propositions assert that because of the failure to advance the balance of $2,400 as agreed, appellee cannot maintain suit upon the note and deed of trust, but can recover only the money actually advanced; that appellee has not substantially performed its agreement to advance $28,000, for which reason it can recover only on a quantum meruit or implied contract. The failure to make the final advance grew out of a disagreement between the parties arising out of the failure of appellant to build an eight-stall garage upon the premises; appellee contending that it was a part of the improvements agreed to be placed upon the lot. Appellant contends that appellee's agents knew such garage was not to be built upon the land.

As we view the matter, it makes no difference which party was correct in that controversy. Admitting the garage was not a part of the improvements contemplated to be built and covered by the lien, the failure of appellee to make the final advance of $2,400 presents only a question of partial failure of consideration, which was admitted by appellee and for which appellant received credit. This partial failure of consideration does not invalidate the contract evidenced by the note and deed of trust. It simply rendered the same unenforceable to the extent of the failure. 3 R. C. L. Bills and Notes, § 142; 41 C. J. Mortgages, § 210; Joyce, Defenses to Commercial Paper, §§ 343, 349; Williams v. Finley, 99 Tex. 469, 90 S. W. 1087; Coleman v. Galbreath, 53 Miss. 303; Watts v. Bonner, 66 Miss. 629, 6 So. 187.

[2] If appellant desired to rescind the contract evidenced by the note and deed of trust, and thus defeat the same, it was incumbent upon him to restore or tender the $25,600 actually advanced. 8 C. J. Bills and Notes, §§ 1008, 1205, p. 922. This he did not do.

[3] Evidence was excluded tending to show that appellant's agents knew and understood the garage was not to be built upon the lot. This matter presents no error, for if admitted it would not have affected the right of appellant arising out of the failure to advance the balance of $2,400. The evidence relates to the issue of partial failure of consideration, and appellant received full credit for such failure.

It is further contended the court erred:

(1) In allowing interest at the rate of 10 per cent. per annum from the accelerated maturity date, it being asserted that the provision in the note allowing interest at the rate of 10 per cent. per annum from maturity did not apply to such accelerated maturity. (2) In allowing recovery upon past-due interest coupons because the petition did not declare thereon and was insufficient to support recovery of the interest represented by such coupons.

Upon examination of the provision of the note relating to 10 per cent. interest after maturity, and the allegations of the petition, we regard these objections as untenable.

Affirmed.