SIMS V. CUMBY AND ANOTHER.

Decided October 11, 1890.

1. *Tax purchaser—Recovery from—Two years' limitation—Disability of infants.*

The act of Jan. 10, 1857 (sec. 4475, Mansf. Dig.), which provides that, to recover land from a tax purchaser under a donation deed, etc., it must appear that the plaintiff was seized within two years next before

the commencement of the suit, contains no exception—and none can be made by the court—in favor of infants or other persons under disability.

.2.  *Act of Dec. 14, 1844—General saving clause in favor of persons under disability—Construction.*

The general saving clause in the act of Dec. 14, 1844 (Mansf. Dig., sec. 4489), in favor of infants and other persons under disability, is limited in terms to laws then in force, and is inapplicable to statutes of limitation subsequently enacted.

APPEAL from *Desha* Circuit Court.

W. P. GRACE, Special Judge.

*Harrison & Harrison* for appellant.

1. The Cumby heirs only had a contingent remainder in the lands. 44 Ark., 458; 2 Blk., Com., 169; 2 Fearne on Rem., 202; 4 Kent, Com., 206. As such it was in the power of the life-tenant to defeat it by a forfeiture of the particular estate. 4 Kent, Com., 202; Tied. on Real Prop., sec. 401; Fearne on Rem., 216; 5 Wall., 288. The forfeiture to the State for taxes before the death of the life-tenant defeats the estate in remainder, and appellees never became the owners of the land. 19 Ohio St., 57; 2 Am. Rep., 369; Mansf. Dig., sec. 4457. Appellees are barred by sec. 4457, Mansf. Dig., and statute commenced to run from the date of the sale for taxes. 46 Ark., 96.

*X. J. Pindall* and *James Murphy* for appellees.

Almost any right at law or in equity will permit a party to redeem. 42 Ark., 215; 39 Ark., 584. Minors may redeem. Gantt's Dig., sec. 5197; Mansf. Dig., sec. 5772; 41 Ark., 59. They are within the saving clause of the statute of limitations. Mansf. Dig., sec. 4471.

HEMINGWAY, J. The appellant seeks to reverse a judgment against him for the recovery of lands claimed by him under a donation deed from the State.

As to the material facts there was no controversy, and the court below found them correctly.

The lands in controversy were forfeited to the State for the non-payment of taxes in 1875 and 1876. There was no newspaper published in the county in which the lands were situate, and the notice of sale was published in another county, not the nearest in which a paper was published.

The appellant obtained a donation certificate on the 24th of March, 1880, entered upon the land and held possession continually thereafter. He received a donation deed on 27th of August, 1881. At the time of the forfeiture and entry the appellees owned an estate in remainder in the lands expectant upon the death of one Green Cumby, who died in 1883. On the several dates of the forfeiture of the land, the entry upon it by appellant and the death of Green Cumby, the appellees were minors, and so continued until the bringing of the suit on the 23d of May, 1887.

Whether the forfeiture was void or not, and whether the appellees had a vested or contingent remainder in the land, are questions discussed by counsel which we need not decide. For if we assume that the contention most favorable to appellees in that regard be correct, the appellant pleads his adverse possession of the land for more than two years before the bringing of the suit, and the conclusion we have reached upon that plea controls in the decision of the cause. The court below found the fact of possession in favor of appellant, but upon the whole case rendered judgment againt him.

In determining the validity of the defense it is essential that we decide (1) whether section 4475 of Mansfield's Digest governs this cause? and, if it does, (2) whether the rights of the appellees are saved by reason of their minority?

1. The statute relied upon is section one of an act approved January 10, 1857, entitled "An act to quiet land titles in this State." It provides that no action for the recovery of any land against any person, his heirs or assigns

who may hold such lands under a donation deed from the State, shall be maintained, unless it appear that the plaintiff, his ancestor or grantor was seized or possessed of the lands within two years next before the commencement of such suit or action. The appellant claimed title under a donation deed from the State in proper form, purporting to convey title. If for any reason it failed to convey title, this fact was not manifest from the face of the deed. As the appellant had held adverse possession for more than two years under a donation deed from the State, his defense comes within the letter of the statute, and must be tested by it.

2. The statute itself contains no exceptions from its provisions in favor of infants or other persons under disability, and there is nothing in it that implies that the legislature intended that any such exceptions should be made. Before the passage of the act, such exceptions had been generally embodied in statutes of limitations, and of this fact the legislature must have been fully cognizant in framing it without such exceptions.

1. Tax purchaser—Two years' limitation — Infant.

That such exceptions are commendable, and evince a proper, just and humane regard for the rights and interests of a large and helpless class of land owners, cannot be controverted. But they are within the power of the legislature to grant or withhold, and its exercise of the power cannot be restrained or varied by the courts to subserve principles of justice and humanity. In the case of *Erwin v. Turner*, 6 Ark., 14, decided in 1846, this court held, that where the legislature made no exceptions from the provisions of a statute of limitations, none could be made by the courts in favor of infants and married women, and of this the legislature was advised in the enactment of the statute under consideration. This rule has been stated and affirmed in many subsequent cases, and never even questioned. *State Bank v. Morris*, 13 Ark., 291; *Pryor v. Ryburn*, 16 Ark., 671; *Smith v. Macon*, 20 Ark., 18; *Machin v. Thompson*, 17 Ark., 199; *Walker*

*v. Peay,* 22 Ark., 104; *Chandler v. Chandler,* 21 Ark., 95; *Pearce v. Elliott,* 20 Ark., 508; *Cofer v. Brooks,* 20 Ark., 542; *Vaughan v. Parr,* 20 Ark., 600.

2. Persons under disability— General saving clause—Construction.

The appellees cannot invoke the benefit of section 4489 of Mansfield's Digest, which provides that if any person entitled to bring any action specified in that or any other act of limitation then in force should at the time of the accrual of such cause of action be an infant, such person should be at liberty to bring such action within the time prescribed by law for bringing that action after the disability should be removed. That section was enacted in 1844, and by express terms confines the operation of its saving clause to limitations prescribed by it and by laws then in force. As the law creating the limitation now relied upon was not contained in that act, and was not then in force, but was enacted thirteen years later, it is not affected by that provision.

Such was expressly held as to an act passed in 1846, limiting the time within which an action of replevin for shares could be brought, and which contained no exceptions in favor of married women. *Pryor v. Ryburn,* 16 Ark., 671.

An examination of the cases cited will discover that the general saving clause in the act of 1844 has been held inapplicable to other statutes of limitations subsequently enacted, and we know of no case in which it has been held to apply to any statute subsequently enacted. It follows that, upon the findings of the court in regard to appellant's plea of limitations, the judgment should have been in his favor, and this, whether the statute began to run at the date of his entry or at the death of the life-tenant.

This case has caused us the gravest concern, and we have reached the conclusion announced after long and careful consideration. We fully realize the hardships and injustice of the act, and would gladly, if in our power, avert the evils that it threatens. But the legislature has enacted it in plain terms, and we cannot modify or annul it by construction. The ap-

pellees, being minors when the suit was brought, may, if they are so advised, amend this pleading, and convert the proceedings into a suit to redeem.

Reverse and remand.