HELENA v. HORNOR.

Opinion delivered November 4, 1893.

1. *Limitation—Action to recover tax-lands.*

The act of January 10, 1857, which provides that no action for the recovery of any lands, or for the possession thereof, against any person who may hold such lands by virtue of a purchase thereof at auditor's sale for the non-payment of taxes, shall be maintained unless it appear that the plaintiff, his ancestor or grantor, was seized or possessed of the lands in question within two years next before the commencement of such action, applies to the character of the instrument, and not to the name of the officer executing it, and when the legislature subsequently transferred the duties of the auditor, with reference to lands forfeited for non-payment of taxes, to the commissioner of State lands, the provisions of the act of 1857 became applicable to tax-deeds executed by the commissioner.

2. *Municipal corporation—Limitation.*

The statute of limitation may be pleaded against a municipal corporation.

3. *Lands—Town-lots.*

The term "lands," as used in the act of January 10, 1857, includes town-lots.

Appeal from Phillips Circuit Court.

GRANT GREEN, JR., Judge.

*James P. Clarke* for appellant.

1. The lots belonged to a municipal corporation, and were not subject to taxation. They were "public

property," and whoever insists upon a forfeiture of such property must show by proper averment that it is of such a character as to subject it to taxation. Cooley, Taxation, 172, 173.

2. What is supposed to be section 1 of the act of January 10, 1857, is found in Gantt's Digest as section 4117, and the only liberty taken by the digester, was to add the word "any" before the word "act" where the latter first occurs. But the digester, in carrying the section into Mansfield's Digest, as section 4475, makes material and unwarranted changes in its wording. This he had no power or authority to do. The legislature *makes* the law, not the digester.

3. This statute, which was construed in 53 Ark. 422, does not apply to this case, because (1) appellee does not hold under a purchase made at a sale by a sheriff or auditor (55 Ark. 192); (2) appellee did not acquire his title under the act of 1857, providing for a *redemption of lands.* "Lands" do not include "town-lots," within the meaning of our revenue laws. Gould's Dig. p. 955; Gantt's Dig. sec. 5188; Mansf. Dig. sec. 5760.

*J. J. & E. C. Hornor* for appellee.

1. Only "public property, used *exclusively for public purposes,*" is exempt. Const. art. 17, sec. 5; Mansf. Dig. secs. 5586, 5597. It must be shown that the claim falls within the exemption, and it was not alleged nor proven. 32 Ark. 135; 25 *id.* 293; 18 A. & E. Corp. Cas. 28; 1 Duval, 295.

2. Appellant is barred by section 4475, Mansfield's Digest. The duties of the auditor have been by law put upon the commissioner of State lands, and the change of verbiage was warranted by law. 43 Ark. 398; 51 *id.* 397; 53 *id.* 423; *Ib.* 418.

3. "Land" embraces town-lots. 2 Blackst. Com. p. 16; Mansf. Dig. sec. 5585-6.

WOOD, J. This is an action of ejectment brought by the city of Helena for certain lots deeded to the city by Edward Fitzgerald in 1873. The answer pleads two years adverse possession under a tax deed executed by the commissioner of State lands in 1888, conveying the lots in controversy, which lots the State had acquired by a forfeiture and sale for the non-payment of the taxes of 1885. The deed was in regular form, and made an exhibit to the answer. Demurrer to the answer overruled, appellant resting, judgment was rendered for appellee, from which an appeal was duly prosecuted.

Appellant's counsel presents three questions for our consideration, which we will state in the order disposed of. (1.) Does section one of "An act entitled an act to quiet land titles in this State" approved January 10, 1857, apply to deeds of the commissioner of State lands? (2.) Can the appellee plead this bar against a municipal corporation? (3.) Are "town-lots" included in the word "lands" used in the act?

1. Section one of the act of 1857 is as follows: "That no action for the recovery of any lands, or for the possession thereof against any person or persons, their heirs or assigns, who may hold such lands by virtue of a purchase thereof, at sheriff's or auditor's sale, for the non-payment of taxes, or who may have redeemed the same from the auditor of this State, by virtue of act providing for the redemption of lands forfeited to this State for the non-payment of taxes, or who may hold such land under an auditor's deed, commonly known as a donation deed, shall be maintained, unless it appear that the plaintiff, his ancestor, predecessor, or grantor was seized or possessed of the lands in question within two years next before the commencement of such suit or action." What purports to be the above section appears

in Mansfield's Digest, as sec. 4475, and is as follows: "No action for the recovery of any lands, or for the possession thereof, against any person or persons, their heirs or assigns, who may hold such lands by virtue of a purchase thereof at a sale by the collector or commissioner of State lands, for the non-payment of taxes, or who may have purchased the same from the State by virtue of any act providing for the sale of lands forfeited to the State for the non-payment of taxes, or who may hold such lands under a donation deed from the State, shall be maintained, unless it appear that the plaintiff, his ancestor, predecessor or grantor was seized or possessed of the lands in question within two years next before the commencement of such suit or action." It will be observed that the digester substituted for the words "sheriff's or auditor's," appearing in the first section above copied, the words "collector or commissioner of State lands," and for the words "redeemed the same from the auditor of this State," the words "purchased the same from the State," and inserted the word "any" before the word "act," and substituted the word "sale" for the word "redemption" and for the words "auditor's deed," the words "donation deed."

It is contended that these were *material* changes, and wholly unauthorized. We do not so regard them. The office of commissioner of State lands was created July 15, 1868, and the landed interest of the State placed under its control. Mansf. Dig. sec. 4177. note *n.* and sec. 4183. Sec. 9, same act provides: "He shall also have the charge, control and disposition of all lands forfeited, or that may be hereafter forfeited, to or purchased by the State for the non-payment of taxes, and such commissioner shall dispose of such lands as is or may be provided by law." Mansf. Dig. sec. 4185. Before that time these functions were performed by the auditor. Secs. 151, 155, 159, ch. 148, Gould's Dig.

The deed of the auditor and of the commissioner of State lands, conveyed the same thing—*i. e.* "all the right, title, interest and claim " of the State to forfeited lands.    Secs. 163, 164, ch. 148, Gould's Dig.; sec. 667, Mansf. Dig.    When the digester in 1884 came to collate and compare the laws concerning lands forfeited to the State for the non-payment of taxes, he found that the name of the officer having charge of the land department had been changed, but that the office and its functions remained the same, so that in substituting the words "commissioner of State lands" for "auditor" where it appears in sec. 1 of the act of January 10, 1857, he was only doing what the legislature had already done, in effect, when they transferred to him the identical duties with reference to forfeited lands which had before been performed by the auditor.    A comparison of the statutes would most likely discover the reasons for the other changes mentioned as made by the distinguished digester, but they are not raised by this contention.

The section under consideration has been held to apply to donation deeds executed by the commissioner of State lands (*Sims* v. *Cumby*, 53 Ark. 418), although the language of the act is: " who may hold such lands under an *auditor's* deed, commonly known as a donation deed." The second section of the act has been held as operative in cases where deed of commissioner of State lands was involved.    *Douglass* v. *Flynn*, 43 Ark. 398; *Kelso* v. *Robertson*, 51 Ark. 397 ; *Anthony* v. *Manlove*, 53 *id.* 423.    In the case of *Douglass* v. *Flynn, supra*, this language is used :    "The statute is a short one in four connected sections, referring to each other and all applying to the same class of cases.    *    *    *    The sections are interlocked not only by express cross-references, but by the constant use of the word 'such'." Construing the whole act with reference to its title and all of its sections, there can be no uncertainty as to the sub-

ject-matter or the legislative intent. The purpose was to quiet the title of those who held, or might hold, under a deed from the State for forfeited lands after two years adverse possession. The title conveyed was the State's title, not the auditor's, or the land commissioner's ; they were the mere agents or instrumentalities through whom the sovereign acted. The act applies to the character of the instrument, and not to the name of the particular functionary executing it. When the legislature transferred the duties of the office of auditor with reference to forfeited lands to the commissioner of State lands, that, *ipso. facto*, made the provisions of the act of January 10, 1857, apply to deeds executed by said commissioner. The digester, therefore, was .not changing, amending or extending the law, but simply, by apt words, preserving harmony and consistency in statutes *in pari materia* already existing, and arranging the same into a symmetrical system. Sedg. on Const. and Stat. Con. 209, 212, *et seq* ; Sutherland, Stat. Con. 293, *et seq*. 289 ; 1 Kent, 463 ; *State* v. *Railroad Company*, 12 Gill & Johnson, 399.

2. Can the appellee avail himself of the statute bar as against a municipal corporation? In the case of *Fort Smith* v. *McKibbin*, 41 Ark. 45, this court held that "municipal corporations, like natural persons, are subject to limitation statutes." Many authorities were cited in that case and considered by the court upon what the learned judge who delivered the opinion termed the "vexed question." We will not go over again the "field of conflict," but stand by that decision as a rule of property affecting municipalities. The subject-matter of a statute of limitations is immaterial; where a party brings himself fully within its terms, he acquires a good title. This the appellee by his answer has done, and hence the demurrer was properly overruled.

3. The term "lands" as used in the act in our judgment includes "town-lots."

Affirmed.