## COOPER *v.* LEE.

### Opinion delivered October 13, 1894.

1. *Tax-sale—Description of land.*

    Where land was advertised and sold for delinquent taxes under the description of the N. NE. of a certain section, the description is insufficient to identify the land, and the sale is void.

2. *Tax-title—Limitation.*

    Under Mansf. Dig. sec. 4475, providing that no action for recovery of any lands against any person who may hold such lands by virtue of a purchase thereof at a sale by the collector for the non-payment of taxes shall be maintained unless it appear that the plaintiff, his ancestor, predecessor or grantor, was seized or possessed of the lands within two years next before the commencement of such action, *held,* that continuous adverse possession of land by a tax-purchaser, by virtue of tax-deed in proper form, for two years before commencement of an action by the former owner to recover the land will bar the latter's cause of action.

Appeal from Drew Circuit Court.

CARROLL D. WOOD, Judge.

*H. King White* and *W. T. Woolridge* for appellant.

1. N. NE. sec. 3 is no description at all. It must be such as would be sufficient for a surveyor to survey and locate the boundaries. 30 Ark. 657; 50 *id.* 484; 56 *id.* 172.

2. Plaintiff was not barred by the statute of limitations, under sec. 4475, Mansf. Digest. 15 Ark. 363; 32 *id.* 131; 46 *id.* 96; 55 *id.* 192.

*Rector & Collins* also for appellant.

*Wells & Williamson* for appellee.

1. The legislature may prescribe that two years *adverse* possession bars a tax title. 20 Ark. 508; *Ib.* 542; 21 *id.* 370; 53 *id.* 404; Mansf. Dig. sec. 4475.

2. N. NE. sec. 3 means N. half NE. quarter, sec. 3, and nothing else, and is sufficient.

RIDDICK, J. This was an action of ejectment, brought by the appellant against appellee to recover possession of the following tract of land in Drew county, Ark., to-wit: The N. half of the NE. quarter of Section 3, Township 15 S., R. 6 West of 5th principal meridian. Appellee in his answer alleged, in substance, that he became the owner of the land by virtue of a purchase of the same at a sale of lands lawfully held by the sheriff and collector of Drew county in the year 1887 for the non-payment of taxes for the year 1886; that the same had not been redeemed; that a deed in due form of law had been made and delivered to him by the clerk of said county conveying said lands to him; that under said deed he had taken actual possesion of said land; and that he had been in the open, adverse and continuous possession of said land for over two years before the commencement of this action, and that appellant's right of

action was barred. The case was submitted to the court sitting as a jury, and, the finding and judgment being against appellant, he appealed.

1. Sufficien-
cy of descrip-
tion in tax
title.
It is contended that the tax title under which defendant holds is void for several reasons. The description of the land by which it was advertised and sold is as follows: "N. NE. Section 2, Township 15, Range 6, 87.19 acres."

A description of the land sufficient to identify it and notify the owner is essential to a valid sale in a proceeding to sell land for the non-payment of taxes. Was the above description sufficient to authorize a valid sale? A question similar to this came for determination before the supreme court of Minnesota. The land had been described in the tax proceedings as follows: S. 2 N. E. 4 of a designated section, township and range. The court from which the case was appealed had permitted evidence to be introduced to show that such descriptions in that locality were common, and the meaning thereof. In deciding the case, the court said: "We are of the opinion that the attempted description is fatally defective. As is found in this case by the court below, there may be a local usage in that part of the State where the judgment was entered, according to which this description would be understood to mean the south half of the northeast quarter, * * but there is no general usage of this kind. Neither is this the import of the letters and figures employed, according to the common and ordinary usages of the English language, as the same is spoken or written in this State or in general, nor as it is used in the judgments of the courts." *Keith* v. *Hayden*, 26 Minn. 212; 2 N. W. 495. The supreme court of North Dakota followed this ruling in a case where the sufficiency of a similar description was involved. "We hold," said the court, "that the alleged description is wholly insufficient as a description

of the lands in question, or of any lands, and that it cannot be sustained as a means of identifying the lands for purposes of assessment for taxation, or for the ulterior purpose of transferring the title of the realty from the general owner to the tax-title holder and his successors in interest. The alleged description is neither written out in words, nor is the same expressed by characters or abbreviations commonly used by conveyancers, or generally understood and used by the people at large in describing land." *Powers* v. *Larabee*, 49 N. W. 724.

It is said that the purposes in describing the land are: "First, that the owner may have information of the claim made upon him or his property; second, that the public, in case the tax is not paid, may be notified what land is to be offered for sale for the non-payment; and, third, that the purchaser may be able to obtain a sufficient conveyance." Cooley on Taxation (2d ed.), 405. A description of land in a tax proceeding that does not sufficiently identify it "defeats one of the most just and obvious purposes of the statute—that of giving the owner notice that his land is to be sold, so that he may pay the tax and prevent the sale," or at least redeem his land before the expiration of the time allowed for that purpose. To effect the laudable purpose of protecting the owner, the description should be such as will be readily understood by persons even ordinarily versed in such matters. A description which is intelligible only to persons possessing more than the average intelligence, or the use and understanding of which is confined to the locality in which the land lies, is not sufficient. *Schattler* v. *Cassinelli*, 56 Ark. 178.

A description of the land by the abbreviations commonly used to designate government subdivisions sufficiently identifies it; but the use of abbreviations in a tax assessment or notice must be confined to those commonly

used and understood. Had the description of the land been "N. ½ of N. E." followed by section, township and range, we should have felt no doubt in saying that it correctly designated the land in controversy by abbreviations commonly used and understood, but the letters N. NE. do not, to our minds, have such well defined and accepted meaning. For this reason we feel compelled to hold that the description of the land in controversy as the "N. NE. Sec. 3, Town. 15, Range 6, 87.19 acres" was not a description by abbreviations the knowledge and use of which is so general as to warrant the court in holding that they sufficiently identify the land to be sold. On the contrary, we hold that it was not a sufficient description, and that the sale of the land must be treated as a sale without notice, and therefore void.

**2. Limitation to recovery of land sold for taxes.** But it does not follow, because the sale was without notice and void, that the plaintiff can now recover. The defendant in his answer set up the two-years statute of limitations, alleging that he had been in the actual, adverse and continuous possession of the land in controversy for over two years before the suit was brought, claiming to be the owner thereof under the deed executed to him in pursuance of said tax-sale. It has never been seriously doubted that, in cases where the purchaser at a sale of land for the non-payment of taxes takes actual possession of the land purchased, under a proper deed conveying said land to him, the legislature may prescribe a period of limitation after the expiration of which the title of the original owner is barred. By the adverse possession of the purchaser the owner is excluded from the possession of his premises, and notified that an adverse claimant, hostile to his interests, holds the land. Public policy, no less than justice to the tax purchaser, requires that he should bring his suit within a reasonable time, in order that all

contested questions may be put at rest while the facts are recent and susceptible of proof. Cooley on Taxation (2 ed.), 557. In this case it is not contended either that no taxes were due, or that they were paid before the sale, or that the land was redeemed afterwards. The deed is in proper form, and correctly describes the land. The agreed statement of facts justified the court in finding that the defendant had held actual, continuous and adverse posession of the land under his deed for over two years before the commencement of this action. Under our statute this barred the right of the appellant to recover. Mansf. Dig., sec. 4475; *Sims* v. *Cumby*, 53 Ark. 418; *Helena* v. *Hornor*, 58 *id*. 151; *Cairo & Fulton R. Co.* v. *Parks*, 32 *id*. 132.

The judgment of the circuit court was therefore correct, and must be affirmed.

We were asked to decide other questions raised by the record in this case, but as the right of the appellant is barred, and as those questions are under consideration by this court in another case now before the court, we have thought it unnecessary to do so.

Bunn, C. J., and Wood, J., being disqualified, did not participate in the decision of this cause.