FINLEY *v.* HOGAN.

Opinion delivered May 4, 1895.

*Tax sale of land—Limitation.*

Under Sand. & H. Dig., sec. 4819, providing that no action for recovery of lands against any person who may hold by virtue of a sale thereof for taxes "shall be maintained unless it appear that the plaintiff, his ancestor, predecessor or grantor, was seized or possessed of the lands in question within two years next before the commencement of such suit or action," *held*, that actual, adverse, open, exclusive and continuous possession of land for two years by one under a donation deed will bar the right of the former owner to recover, although he had paid the taxes, and the forfeiture was consequently void.

Appeal from Fulton Circuit Court.

JOHN B. McCALEB, Judge.

Appellants, John and Eliza Finley, brought suit against Hogan and another to recover possession of certain lands. Defendants set up tax-titles to the lands, and also claimed title by adverse possession under the two years statute of limitation. Plaintiffs filed an amended complaint, asking that defendants' title be removed as a cloud upon their title, and that the cause be transferred to equity. The court refused to transfer the cause to the equity docket.

The testimony was to the effect that the taxes were paid on the lands for the years in which the tax-forfeitures were alleged to have occurred (1867 and 1868), and that defendants had held notorious, continuous and adverse possession of the lands for more than two years before the commencement of the suit, under donation deeds from the State based upon tax-forfeitures.

The court, at defendant's instance, instructed the jury that "if they find from the evidence that the defendants, at the institution of this suit, were in the actual

possession of the quarter section of land in controversy, and that they claimed title thereto under and by virtue of donation deeds from the State of Arkansas issued more than two years before said suit was begun, and that said defendants had held actual, open and notorious possession of such lands, claiming to be the owners thereof, for more than two years prior to the commencement of such suit, then in such case they will find for the defendants."

The court refused, at plaintiff's request, to instruct the jury "that if they find that the plaintiffs acquired and held the lands in controversy as set out in their complaint, and if they further believe, from the evidence in this cause, that the taxes were paid on the same for the years 1867 and 1868, or either of said years, and that said lands were erroneously returned as delinquent for the taxes of said years, they should find for the plaintiffs as to the title to said lands, and the possession thereof; unless they believe, from the evidence in this cause, that the defendant, and those under whom he claims, held said lands under said donation deeds adversely to plaintiffs continuously for the full period of seven years before the commencement of this suit."

Verdict and judgment were for defendants. Plaintiffs appealed.

*John H. Woods* for appellants.

1. The cause should have been transferred to equity. The case was a complicated one, involving questions of possession, rents, profits, taxes, improvements, etc. Acts 1891, p. 132; 57 Ark. 589; Am. & Eng. Enc. Law, vol. 6, pp. 720-2-3, secs. 4, 7, and 8, and notes.

2. Sec. 4475, Mansf. Dig., and two years' adverse possession, does not have the effect to bar appellants, when *all taxes* were paid by the owner. 43 Ark. 398; 51 Ark. 397; 58 *id.* 151; Cooley on Tax. 553; 21 Ark.

319 ; 51 *id.* 458.  In 53 Ark. 418, the taxes had not been paid.  No advantage can be claimed under Mansf. Dig. sec. 5791, for it has been held that this section does not cut off meritorious defenses.  55 Ark. 194; 53 *id.* 204 ; 50 *id.* 390 ; 46 *id.* 96 ; 57 Ark. 527.

*Robert Neill* for appellee.

1.  There was no error in refusing to transfer to equity.  A court of law could settle all the questions raised.

2.  Sec. 4475 Mansf. Dig. is a statute of limitation pure and simple, and two years adverse possession is a complete bar under it.  53 Ark. 418 ; 58 *id.* 151 ; 59 *id.* 460.

WOOD, J.  It is within the power of the legislature to limit the period for the disturbance of one who holds the actual, adverse, open, exclusive and continuous possession of land under a donation deed.  Cooley, Tax. 556 ; *Florida Savings Bank* v. *Brittain*, 20 Fla. 507. They have fixed the period at two years.  Legislation of this character is not like that which attempts to make good by the lapse of time, as against the true owner in possession, that which was bad from the beginning. Section one of the act of January 10, 1857 (Sand. & H. Dig. sec. 4819), is a statute of limitation, and those who come within its terms acquire a perfect title against the world.  Of course this does not affect the privilege of redeeming.  Sand. & H. Dig. sec. 6615 ; *Bender* v. *Bean*, 52 Ark. 132.  The legislature has made no exception in favor of the owner who has paid his taxes, and we can make none.  What the eminent jurist said about this statute in *Douglass* v. *Flynn*, 43 Ark. 398, was not germane to the question there presented, and, as he frankly confesses, was but the expression of his individual views.

A different principle prevails here.  The owner has been deprived of the dominion over his property by one

who entered under color of title, and, in this case, it is not contended that the deed is not good upon its face. Thus, by the actual occupancy of the adverse claimant, the owner is notified, or has the opportunity, upon inquiry, to know that one is excluding him from that possession to which he, as owner, is entitled. The law gives him the right to recover his own from the moment the adverse possession began, and this right continues until the two years have expired. The holder of the donation deed is certainly blameless for entering upon and taking peaceable possession of the land which it calls for, and which is unoccupied. If the owner, having the right of action for possession, neglects to put the law in motion for that purpose for the period of two years, and the adverse holder continues to enjoy the possession under his deed for that time, thereafter his title should be quieted, and the real owner forever barred. Mr. Blackwell, in speaking of limitation statutes in general, says : " There must be a period of time fixed by positive law within which a right shall be prosecuted in courts of justice. Public policy demands the enactment of such laws, and they are universally sanctioned by the practice of nations and the consent of mankind ; especially those which give peace and confidence to the actual possessor and tiller of the soil." Blackwell on Tax Titles, sec. 896. This is just as applicable to the statute under consideration as any other, where there is actual adverse possession for the time it prescribes. See the following : Cooley, Tax. 555, *et seq.* ; *Cooper* v. *Lee*, 59 Ark. 460 ; *Woolfork* v. *Buckner, ante*, p. 163 ; *Helena* v. *Hornor*, 58 Ark. 151 ; *Gates* v. *Kelsey*, 57 Ark. 523. See also *Kessinger* v. *Wilson*, 53 Ark. 400, and authorities there cited, on short statutes of limitations; *Groesbeck* v. *Seeley*, 13 Mich. 330. It is unnecessary to discuss the other questions. No error in refusing to transfer to equity.

The judgment is affirmed.