CARPENTER *v.* SMITH.

Opinion delivered July 29, 1905.

1. EVIDENCE—EXEMPLIFICATION OF RECORDS.—An exemplification of the records of the State land office is inadmissible to prove the existence of a patent, in the absence of a showing as to the loss or absence of the patent itself. (Page 448.)

2. QUIETING TITLE—TITLE OF PLAINTIFF.—A plaintiff in a suit to quiet title must show title in himself. (Page 449.)

3. ADVERSE POSSESSION—TAX TITLE.—Possession under a tax title, maintained by defendant openly, continuously and adversely for two years prior to the bringing of the suit, is sufficient to convey title, though the tax title was void in the beginning. (Page 449.)

Appeal from Arkansas Chancery Court.

JOHN M. ELLIOTT, Chancellor.

Affirmed.

*H. A. & J. R. Parker,* for appellant.

. Appellant is not bound by laches. 70 Ark. 256; 100 Fed. 520; 66 F. 834; 71 Ark. 310. The seven-year statute of limitation does not apply; nor does the five-year statute, there being no judicial sale. 52 Ark. 290; 63 Ark. 1; 71 Ark. 310. The facts do not warrant the claim of adverse possession. 2 Wall. 328;

65 Ark. 422; 57 Ark. 589. The tax title can not aid appellees. 31 Ark. 334; 59 Ark. 364; 49 Ark. 397; 58 Ark. 181; 69 Ark. 587; 71 Ark. 318; 71 Ark. 565. The law authorizing procedure against non-residents must be strictly construed. 40 Ark. 124; 18 Wall. 350; 10 Fed. 891.

*John L. Ingram, John F. Park* and *Geo. C. Lewis,* for appellee.

The exemplification of the records of the State land office was competent only as secondary evidence, and a foundation therefor should have been first laid by showing the loss of the patent. 57 Ark. 158; 42 Ark. 300. Appellant was barred by the two-year statute applicable to tax sales. Kirby's Dig. § 5061; 57 Ark. 523; 58 Ark. 151. Appellee was entitled by adverse possession. 1 Am. & Eng. Law (2 Ed.), 823, 830; 20 S. W. 112; 2 Demb. Land Tit. 1392; 34 Ark. 598; 38 Ark. 181; 48 Ark. 312. The judgment and the sheriff's deed were valid. 49 Ark. 412; 50 Ark. 338; 58 Ark. 187; 61 Ark. 464; 117 U. S. 269; 87 Ala. 533; 60 Miss. 870; 2 How. 319; 24 Ga. 245.

WOOD, J. Appellant filed suit against appellee to quiet his title to the land in controversy and cancel certain deeds alleged to be clouds thereon. The answer denies appellant's title, and sets up title in appellee from two separate and distinct sources; pleads the two years statute of limitations, and laches and stale claim.

Appellant alleged title from the State of Arkansas by swamp land patent to Robert B. Southard, one of his alleged grantors. To prove the patent, he offered in evidence an exemplification from the records of the State Land Commissioner. No showing was made as to loss of the original patent, and exception was taken to the introduction of this testimony.

From what we have said to-day in the companion case of *Carpenter* v. *Dressler, ante,* p. 400, submitted with this, following the decision of this court in *Steward* v. *Scott,* 57 Ark. 158; and *Driver* v. *Evans,* 47 Ark. 300, the appellant did not show title in himself through mesne conveyances from the Government. After exceptions were filed to the exemplification of the records of the State Land Commissioner to prove patent in Southard, the first grantor, appellant made no offer to produce the patent or show its loss, and did not ask for a postponement to be allowed to

do so, evidently relying upon such exemplification as competent and proper evidence. This was not the primary, and therefore best, evidence, and could not, according to the rule announced, be substituted for it without first showing the loss, or accounting for the absence of the best evidence. Appellant therefore fails to prove title in himself. This was necessary before he could remove cloud. He must first show that he has title to quiet. *St. Louis Refrigerator & Wooden Gutter Co.* v. *Thornton,* 74 Ark. 383. This alone is sufficient to affirm the decree of the lower court. But we are also of the opinion that the plea of the two years statute under tax deed is sustained by the proof. It appears that on the 13th day of June, 1892, the land in controversy was sold at tax sale for the nonpayment of the taxes of 1891, and the clerk of the county court of Arkansas County issued on this sale (the land not having been redeemed) to appellee's grantor, William Chesshire, a clerk's tax deed therefor, dated July 11, 1894. On the 25th day of March, 1895, Chesshire conveyed the land in question to appellee, John Y. Smith. In March, 1897, appellee inclosed the entire tract of land with a substantial fence, and has held open and adverse possession thereof ever since. This suit was filed in the clerk's office of Arkansas County June 7, 1900, and therefore appellee had held open, continuous, adverse possession of said land for more than three years prior thereto.

It is unnecessary to set out in detail the testimony upon which our conclusion is reached. The testimony shows that as early as February, 1897, appellee's grantor, Chesshire, fenced from three to six acres for the purpose of penning cattle. and that late in the spring of that year the entire tract was fenced with a three-wire fence. The wire was galvanized, and the posts set 16 feet apart. The fence was shown to be the best in that neighborhood. The land was fenced for the purpose of preserving it for hay cutting, and it was used for that purpose some in 1898 and 1899, and in 1900 was leased. It was shown that the fence was broken down in places, but this was repaired, and there is no evidence to warrant the conclusion that possession of the land was ever abandoned after it was taken in the manner indicated. On the contrary, the preponderance of the evidence clearly shows that the land was looked after, and the possession

29

maintained, open, continuous and adverse till the bringing of this suit. Two years of such possession under his tax deed was sufficient to give appellee title. Section 5061, Kirby's Digest; *Helena* v. *Hornor,* 58 Ark. 151; *Cooper* v. *Lee,* 59 Ark. 460; *Woolfork* v. *Buckner,* 67 Ark. 411; *Crill* v. *Hudson,* 71 Ark. 390; *Boynton* v. *Ashabranner,* 75 Ark. 514.

But it is contended that an agreement between appellant and appellee at the trial that the taxes had been paid since 1875 by Hopkins, the original grantor, and his grantees, precludes the appellee from setting up the two years statute. The agreement was tantamount to saying that the taxes had been paid by appellee or his grantors, and hence there should have been no forfeiture and sale of the land for taxes, and that the tax title was therefore void. But we fail to see how this could have prevented appellee or his grantors from acquiring such title for the purpose of quieting and strengthening such title as they had or claimed. Nor do we understand how appellee could be estopped from setting up adverse possession, if he chose, under this void tax title. If he or his grantors paid the taxes, then surely it was no fault of his that the lands were improperly forfeited and sold for taxes, and he had the perfect right to acquire such outstanding void title, and to claim all the benefits that could be obtained under it. The agreement negatives the idea that appellee's grantors permitted the land to forfeit in order to acquire title thereby. That the tax title was void makes no difference. See *Gates* v. *Kelsey,* 57 Ark. 523, and *Finley* v. *Hogan, supra.*

It is unnecessary to consider the question of laches.

The decree is affirmed.