WILSON *v.* TRIPLETT, TRUSTEE.

4-6832                                    165 S. W. 2d 943

Opinion delivered November 2, 1942.

*Joseph Morrison*, for appellant.

. *Triplett & Williamson*, for appellee.

MEHAFFY, J.  A tract of land, described in the notice of sale as: "Part N½ of section 22, township 2 south, range 7 west, containing 200 acres," was sold at the collector's sale on the second Monday in June, 1931, for the delinquent taxes due thereon for the year 1930. Not having been redeemed, the sale was certified by the county clerk to the state. On May 6, 1938, the Commissioner of State Lands issued to appellant a donation certificate for 80 acres of land described as follows: "S½ NE¼ of section 22, township 2 south, range 7 west, 80 acres," the same being donated as a portion of the lands sold and forfeited to the state at the tax sale under the description first above set forth. Subsequently a donation deed was issued. The land was correctly described in the donation certificate, and under the same description in the donation deed, and both these instruments appear to be regular and valid on their face.

It appears that, after certifying, on October 24, 1935, the sale to the state of "Part N½ of section 22, township 2 south, range 7 west, containing 200 acres," the county clerk, on January 6, 1938, made and filed with the State Land Commissioner an additional certificate showing that the land comprising the 200 acres was:

South half of the northwest quarter, 80 acres; west half of the northeast quarter, 80 acres; southeast quarter of the northeast quarter, 40 acres. Total: 200 acres.

This information was probably derived from an inspection of the tax books, which disclosed payment on all the section except the three tracts above described.

However, we think this additional certificate adds nothing to the validity of the tax sale, for the reason that the notice of sale described the land as "part N½," and it was sold and certified to the state under that description.

Immediately after receiving the donation certificate, appellants took actual possession of the land, and fenced about 30 acres of it, built a residence and other structures, and put into cultivation about 20 acres of it, and has at all times since been in possession of it.

Appellee, as trustee for the owners of the original title to the land, filed this suit on November 15, 1940, to cancel the donation certificate and the deed above referred to, and from the decree awarding that relief comes this appeal.

For the affirmance of this decree it is insisted first that appellant was in possession of the land as appellee's tenant when he donated the land and received the land commissioner's deed, and second, that the tax sale and the deed based thereon are void because of the insufficient and improper description under which the land was sold.

The decree contains no special finding, and we do not know whether the first contention was sustained or not, but, in our opinion, the testimony does not sustain it. No such allegation was contained in the original complaint, and this issue was injected into the case by a subsequent amendment of the complaint.

The important and difficult question is whether the more than two years' actual possession which appellant has had under his donation certificate and deed operates to cure the invalidity of the sale arising out of the indefinite and improper description.

Section 6947 of Crawford & Moses' Digest reads as follows: "No action for the recovery of any lands, or for the possession thereof against any person or persons, their heirs or assigns, who may hold such lands by virtue of a purchase thereof at a sale by the collector, or Commissioner of State Lands, Highways and Improvements, for the nonpayment of taxes, or who may have purchased the same from the state by virtue of any act providing for the sale of lands forfeited to the state for the nonpayment of taxes, or who may hold such lands under a donation from the state, shall be maintained, unless it appears that the plaintiff, his ancestor, predecessor or grantor, was seized of possession of the lands in question within two years next before the commencement of such suit or action."

This section was taken from § 1 of an act approved January 10, 1857 (Acts 1857, p. 80), and it was many times held, while it was in force, that possession under a donation certificate could not be taken into account, as two years' possession under a deed based upon a donation certificate was required to make the act available to the occupant of the land.

But this section of Crawford & Moses' Digest was amended by act No. 7 of the Acts of 1937, p. 20. The amendment added, after the phrase, "or who may hold such lands under a donation deed from the state," the additional phrase, "or who shall have held two years actual adverse possession under a donation certificate from the state." The effect of this amendment is, of course, to give one in possession under a donation certificate the same protection afforded one in possession under a donation deed. In other words, this two-year statute of limitations now applies in one case as well as in the other, and many cases have held that the statute was one of limitation, barring actions brought to question the validity of the tax sale under which the donee had possession. This Act of 1857, as amended by the Act of 1937, now appears as § 8925 of Pope's Digest.

It has been held in many cases that the sale of a tract of land for delinquent taxes under the description

"part" is void for indefiniteness. These decisions have become rules of property, and we do not intend to impair their authority. Many such cases are cited in the briefs in this case, one of which is the case of *Woodall* v. *Edwards,* 83 Ark. 334, 104 S. W. 128. In that case the land was described in the notice of sale as "part NE¼, section 30, 70 acres." This acreage was in excess of the actual acreage of that quarter section, the balance having caved into the Mississippi river many years before. The land had for many years been assessed under that description, and the original owner had paid taxes prior to the delinquent year under that description.

In distinguishing that case from the case of *Cooper* v. *Lee, 59* Ark. 460, 27 S. W. 970, that opinion states: "In *Cooper* v. *Lee,* 59 Ark. 460, a description of 'N.N.E.' of a section containing 87.19 acres in a tax sale was held void, and the court approved Judge COOLEY's statement of the purpose of the description of lands in tax proceedings: 'First, that the owner may have information of the claim made upon him or his property; second, that the public, in case the tax is not paid, may be notified what land is to be offered for sale for the nonpayment; and third, that the purchaser may be able to obtain a sufficient conveyance.' The court said: 'A description which is intelligible only to persons possessing more than average intelligence, or the use and understanding of which is confined to the locality in which the land lies, is not sufficient'."

The opinion in the Woodall case, *supra,* states: "The description in the deed is as follows: 'part NE¼, section 30, T. 9 N., R. 9 E., containing 70 acres.' This description followed the description in the assessment."

The tax purchaser had been in possession under this deed more than two years, but for less than seven, and the opinion further states: "The two-year statute is the shortest limitation statute barring recovery of land. It applies to void tax sales as well as valid ones, yet it must not be extended to deeds void for uncertainty in description of the land conveyed. Such a deed cannot aid or explain possession, for it lacks an identification

of any land. Neither the owner nor the public were bound to take knowledge of any tax proceedings against land so described and the title alleged to be conveyed by such deed, and hence possession under it would confer nothing more than possession without any deed, and it would require seven years of adverse possession of the land to give title."

The opinion in the case of *Cooper* v. *Lee, supra,* which the Woodall case cites, is not contrary to the holding in the Woodall case.

The land sold for the nonpayment of the taxes in the case of *Cooper* v. *Lee,* was described as "N. NE., section 2, township 15, range 6, 87.19 acres." Mr. Justice RIDDICK, in the Cooper case, after repeating the quotation from Cooley on Taxation which appears in many of our cases as to the necessity for, and the purpose of, an accurate description, said: "On the contrary, we hold that it was not a sufficient description, and that the sale of the land must be treated as a sale without notice, and therefore void." In other words, the same rule was applied as would have been applicable had the land been described as "part," inasmuch as neither description would sufficiently identify the land sold, and the sale in either case would have been void for lack of a proper description.

But, notwithstanding the express holding that the sale must be treated as a sale without notice, and therefore void, Mr. Justice RIDDICK further said:

"But it does not follow, because the sale was without notice and void, that the plaintiff can now recover. The defendant in his answer set up the two years' statute of limitations, alleging that he had been in the actual, adverse and continuous possession of the land in controversy for over two years before the suit was brought, claiming to be the owner thereof under the deed executed to him in pursuance of said tax sale. It has never been seriously doubted that, in cases where the purchaser at a sale of land for the nonpayment of taxes takes actual possession of the land purchased, under a proper deed conveying said land to him, the Legislature may pre-

scribe a period of limitation after the expiration of which the title of the original owner is barred. By the adverse possession of the purchaser the owner is excluded from the possession of his premises, and notified that an adverse claimant hostile to his interests, holds the land. Public policy, no less than justice to the tax purchaser, requires that he should bring his suit within a reasonable time, in order that all contested questions may be put at rest while the facts are recent and susceptible of proof. Cooley on Taxation (2d Ed.) 557. In this case it is not contended either that no taxes were due, or that they were paid before the sale, or that the land was redeemed afterwards. The deed is in proper form, and correctly describes the land. The agreed statement of facts justified the court in finding that the defendant had held actual, continuous and adverse possession of the land under his deed for over two years before the commencement of this action. Under our statute this barred the right of the appellant to recover. Mansfield's Digest, § 4475; *Sims* v. *Cumby,* 53 Ark. 418, 14 S. W. 623; *Helena* v. *Horner,* 58 Ark. 151, 23 S. W. 966; *Cairo & Fulton R. Co.* v. *Parks,* 32 Ark. 131.''

The clear implication of this opinion which we have just quoted is that, while the land was advertised and sold under a void description, the tax deed, based on this sale, containing an accurate description, was entitled and one constituting color of title.

An examination of the transcript in that case discloses that the clerk's tax deed described the land sold as ''north ½ of northeast ¼ of section three (3), township fifteen (15) south, range six (6) west.'' In other words, although the sale was void because of the insufficient description, the grantee in the deed, based on that sale, containing an accurate description, was entitled to invoke the benefits of the statute now appearing as § 8925 of Pope's Digest.

In the present case, while there was no sufficient description, and the sale of the land must be treated as a sale without notice, and therefore void, yet the land commissioner's deed correctly described a portion of

the land sold under the void description, and there was more than two years' possession under the donation certificate and deed, based on this sale, and the donee is protected by the statute.

A statement in the opinion in the case of *Cotton* v. *White,* 131 Ark. 273, 199 S. W. 116, is apparently opposed to this view. Special Justice T. D. CRAWFORD there said: "The court agrees with appellee's contention that the description in the tax assessment of 1907 was void, and that it described no lands and that the tax sale was thereby rendered void, even though the land was correctly described in the state land commissioner's deed. It is obvious that, under these circumstances, no title passed to the state by the forfeiture, and the lands could properly be placed on the tax books."

It appears, however, that the court was not then considering the effect of two years' possession under a deed constituting color of title, based upon a tax sale void for uncertainty of description; but was considering the question of when lands, which had forfeited to the state under a void description, might be placed back on the tax books under a correct description.

In *Halliburton* v. *Brinkley,* 135 Ark. 592, 204 S. W. 213, there had been two years' adverse possession under a tax deed which was held not to give title because the description of the lands in the deed was void and did not constitute color of title. The same holding was made for the same reason in the case of *Dickinson* v. *Arkansas City Imp. Co.,* 77 Ark. 570, 92 S. W. 21, 113 Am. St. Rep. 170. See, also, *Hershey* v. *Thompson,* 50 Ark. 484, 8 S. W. 689. These holdings were reaffirmed in *Woodall* v. *Edwards, supra.* A more recent case to the same effect and one strongly relied upon by appellee is that of *Sutton* v. *Lee,* 181 Ark. 914, 28 S. W. 2d 697. The opinion in that case recites that the land was sold and certified to the state under a void description and that the purchaser from the state applied for a deed containing an accurate description, which the Land Commissioner refused to make; but made a deed under the same description under

which the land had been sold and certified to the state— a void description.

So that in all those cases the two years' possession had been under a deed which did not constitute color of title, because no lands were described in the deeds. In this instant case the land commissioner did what the land commissioner in the case of *Sutton* v. *Lee, supra,* refused to do; that is, he conveyed to appellant under a correct description constituting color of title.

In the case of *Finley* v. *Hogan,* 60 Ark. 499, 30 S. W. 1045, and again in the case of *Carpenter* v. *Smith,* 76 Ark. 447, 88 S. W. 976, it was held that two years' possession under a tax deed gave title although the taxes for which the land had been sold had been paid and the taxes for which the lands were sold were not due. This for the reason that the statute is one of limitations which bars a suit where there has been two years' possession under a deed constituting color of title based upon a tax sale.

In the case of *Ross* v. *Royal,* 77 Ark. 324, 91 S. W. 178, Justice McCulloch pointed out the difference, in effect, between § 7114 of Kirby's Digest (later appearing as § 10119 of Crawford & Moses' Digest, and now appearing as § 13883 of Pope's Digest), and § 6947 of C. & M.'s digest (now appearing as § 8925 of Pope's Digest), the former being a statute limiting, for a period of two years, the time within which tax sales might be attacked, while the latter was a statute of limitations having no reference to the validity of a sale where the tax purchaser had occupied the land for a period of two years under his deed (or donation certificate). In that case it was said: "The statute under consideration [§ 8925 of Pope's Digest] is plainly a statute of limitation, and begins to run, not from the date of the sale, but from the date actual possession is taken under the deed. *Haggart* v. *Ranney,* 73 Ark. 344, 87 S. W. 703; *McCain* v. *Smith,* 65 Ark. 305, 45 S. W. 1057." (Act No. 7 of the Acts of 1937, above referred to, modifies this opinion, as herein shown.) "Actual possession of land taken and held continuously for the statutory period of two years under a

clerk's tax deed or donation deed issued by the commissioner of state lands bars an action for recovery, whether the sale be merely irregular, or void on account of jurisdictional defects."

The case of *Schuman* v. *Kerby*, 203 Ark. 653, 158 S. W. 2d 35, is relied upon to support appellee's contention that § 8925 of Pope's Digest may not be applied where the land was advertised and sold under an indefinite and insufficient description, although the deed to the purchaser contained a correct description. In that case it was said: "This section, as it plainly appears and as it frequently has been held to be, is a statute of limitation, which, when its provisions are applicable, concludes all inquiry into the validity of a tax sale where the property sold was sufficiently described."

The point here considered was not there presented, as the city lots there sold for taxes had been both advertised under a proper and sufficient description and had been sold and conveyed under a proper and sufficient description by the state land commissioner, and no emphasis is to be placed upon the word "sold" appearing in the quotation above copied.

We have reached the conclusion, therefore, that appellants are entitled to invoke the provisions of § 8925 of Pope's Digest, and that appellee's suit to cancel appellants' deed is barred by that statute.

The decree of the chancery court is reversed, and the cause remanded, with directions to vacate the decree cancelling appellants' deed from the State Land Commissioner, and quieting the title in appellants.